Shiela J. HOEFLICKER, Plaintiff,

v.

**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, Defendant.**

**No. 86–0396–CV–W–5.**

United States District Court, W.D. Missouri, W.D.

Sept. 16, 1986.

---

R.W. Shackleford, Bradley, Langdon & Bradley, Lexington, Mo., for plaintiff.

Steven A. Fehr, Herman A. Shaffer, Jolley, Walsh, Eager & Gordon, Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Defendant has moved for summary judgment, pursuant to Rule 56, Fed.R.Civ.Pro., alleging that plaintiff's claim for vexatious refusal to pay accidental death benefits is pre-empted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and that any recovery under ERISA is precluded since defendant Fund

Trustee's determination that plaintiff is not entitled to these benefits is supported by substantial evidence. For the following reasons, this Court concludes that summary judgment in favor of defendant is proper in this case.

### A. *Factual Background*

Plaintiff's deceased husband was an employee of Associated Wholesale Grocers which paid contributions to defendant Fund for plaintiff's husband pursuant to a collective bargaining agreement. Defendant is an employee welfare benefit plan[1] which provides health benefits, life insurance benefits and accidental death benefits. Defendant Fund is self-insured as to accidental death benefits, and it is these benefits that are at issue in this case.

Plaintiff's husband died on February 18, 1985, and plaintiff filed a claim for life insurance and accidental death benefits as beneficiary. Defendant paid plaintiff life insurance benefits of $20,000, but denied plaintiff's claim and subsequent appeals for accidental death benefits, relying on the Plan's exclusion "for a loss resulting from suicide, or any attempt at suicide, whether the Participant is sane or insane."

In concluding that plaintiff's husband committed suicide, defendant relied on a number of items which included: (1) a police report from a police officer reporting to the plaintiff's residence, where her husband's death occurred, which classified the death as suicide; (2) a police property report which listed items seized at the scene which included four empty prescription drug bottles and other prescription drug bottles containing pills or capsules; and (3) a death certificate which indicated that plaintiff's husband committed suicide by taking medication, in excess, with alcohol.

Review of the denial was had by the Appeals Board and Board of Trustees of defendant Fund, which also denied plaintiff the accidental death benefits.

On February 19, 1986, plaintiff sued defendant in the Circuit Court of Jackson County, Missouri, based on a state law claim of vexatious refusal to pay pursuant to Mo.Rev.Stat. §§ 375.296 and 375.420,[2] seeking recovery of the $20,000 accidental death benefits, attorney's fees, the penalty provided by the Missouri statutes for vexatious delay, and costs. Defendant removed the case to this Court on March 26, 1986, using ERISA as the jurisdictional basis for removal. Pursuant to the provisions of Local Rule No. 30 of this Court, this case

---

1. As noted by defendant, the Fund is clearly an employee welfare benefit plan pursuant to ERISA, 29 U.S.C. § 1002(1), which defines such a plan as:

   "Any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...."

   Thus, the plan is governed by ERISA, pursuant to Section 4 of ERISA, 29 U.S.C. § 1003.

2. Mo.Rev.Stat. § 375.296 (1967) provides, in part, that:

   "In any action, suit or other proceeding instituted against any insurance company, association or other insurer upon any contract of insurance issued or delivered in this state to a resident of this state, ... if the insurer has failed or refused for a period of thirty days after due demand thereof prior to the institution of the action, suit or proceeding, to make payment under or in accordance with the terms and provisions of the contract of insurance, and it shall appear from the evidence that the refusal was vexatious and without reasonable cause, the court or jury may, in addition to the amount due under the provisions of the contract of insurance and interest thereon, allow the plaintiff damages for vexatious refusal to pay and attorney's fees as provided in section 375.420 ...."

   Mo.Rev.Stat. § 375.420 (Supp.1986), provides in part that:

   "In any action against any insurance company to recover the amount of any loss under a policy of ... life [or] accident.... if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee ...."

was designated for Compulsory Non-Binding Arbitration, but the arbitration hearing was postponed pending a ruling by this Court on defendant's motion for summary judgment.

### B. *Pre-emption*

Defendant alleges that plaintiff's claim under Mo.Rev.Stat. § 375.296 and § 375.420 for vexatious refusal to pay is pre-empted by ERISA, 29 U.S.C. § 1001 *et seq.*, relying principally on 29 U.S.C. § 1144, which was interpreted by the Supreme Court in *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). This case becomes even more complicated by the fact that Missouri has an additional statute which provides that:

"In all suits upon policies of insurance on life hereafter issued by *any company* doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide, unless it shall be shown to the satisfaction of the court or jury trying the case, that the insured contemplated suicide at the time he made his application for the policy, and any stipulation in the policy to the contrary shall be void."

Mo.Rev.Stat. § 376.620 (emphasis added). Thus, defendant argues that this section is also pre-empted under 29 U.S.C. § 1144.

It should first be noted that ERISA was enacted to protect the interest of employees who are covered under an employee benefit or pension plan. It imposes participation, funding, and vesting requirements on pension plans, 29 U.S.C. §§ 1051–1086, and it sets various uniform standards which include rules on reporting, disclosure, and fiduciary responsibility for both pension and welfare benefit plans. 29 U.S.C. §§ 1021–1031, 1101–1114. *See also Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). ERISA also requires the fair and proper handling and disposition of benefit

claims, and sets forth remedies for breach of fiduciary duty for unfair or improper disposition. *Russell v. Massachusetts Mutual Life Insurance Co.*, 722 F.2d 482, 488 (9th Cir.1983), rev'd on other grounds, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985).

The pre-emption provision of ERISA in 29 U.S.C. § 1144(a) states that:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan ..." (emphasis added)

This pre-emption provision is modified by a "savings clause" in § 1144(b)(2)(A) which provides that:

"Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities."

The "savings clause" is further modified by a "deemer" provision which reads:

"Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for the purposes of any law of any state purporting to regulate insurance companies, *insurance contracts*, banks, trust companies, or investment companies." (emphasis added)

29 U.S.C. § 1144(b)(2)(B).

■ In *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985), the Supreme Court held that mandated-benefit laws,[3] which regulate the substantive terms of insurance contracts, are saved from pre-emption by ERISA by the operation of the insurance "saving clause." 471 U.S. at ——, 105 S.Ct. at 2391, 85 L.Ed.2d

---

**3.** Massachusetts Gen.Laws Ann., Ch. 175, § 47B, required that specified minimum mental-healthcare benefits be provided a Massachusetts resident who is insured under a general insurance policy, an accident or sickness insurance policy, or an employee health-care plan that covers hospital and surgical expenses.

at 743. In analyzing these pre-emption provisions, the Court interpreted this subsection as requiring a three-step analysis to determine whether a state law claim is pre-empted under ERISA. First, does the state law "relate to" an employee benefit plan? Second, does the state law regulate insurance, banking or securities so that the savings clause precludes pre-emption by ERISA? Third, does the "deemer clause" prevent the Plan or Trust Fund from being deemed an insurance company so as to make the "saving clause" inapplicable?

Here it is clear that both Mo.Rev.Stat. § 375.296 and § 375.420, which provide an insured with a cause of action for vexatious refusal to pay, and § 376.620, which eliminates suicide as a defense in most instances, "relate to" an employee benefit plan. In *Metropolitan Life,* the Court noted that, "[t]he phrase 'relate to' [is] given its broad common-sense meaning, such that a state law 'relates to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." 471 U.S. at ——, 105 S.Ct. at 2389.

■ While neither §§ 375.296 and 375.-420 nor § 376.620 are denominated as benefit plan laws, all of them have an indirect and substantial effect on these benefit plans since the first two provide a remedy and penalty for any bad faith refusal to pay out of the plan, and the other affects the substance of the plan's insurance contract, namely, the validity of the suicide exclusion clause. Therefore, this Court agrees with defendant that §§ 375.296, 375.420 and 376.620, as applied, "relate to" ERISA plans and, thus, are covered by ERISA's broad pre-emption provision set forth in § 1144(a). Hence, the major issue here is whether §§ 375.296, 375.420 and 376.620 are "saved" by the § 1144(b)(2)(A) "saving clause" or excluded from this clause by the "deemer clause" in § 1144(b)(2)(B).

The insurance "saving clause" preserves any state law "which regulates insurance, banking, or securities." Section 376.620 regulates the terms of certain insurance contracts by making many suicide exclu-sions null and void, and §§ 375.296 and 375.420 regulate insurance in the sense that they provide additional remedies and penalties for bad faith failure to under insurance contracts. As noted in *Metropolitan Life,* "[n]early every court that has addressed the question has concluded that laws regulating the substantive content of insurance contracts are laws that regulate insurance and, thus, are within the scope of the insurance saving clause." 471 U.S. at ——, n. 18, 105 S.Ct. at 2380, n. 18. Thus, it is clear that §§ 375.296 and 375.420, and § 376.620 "regulate insurance" and therefore, would fall within the § 1144(b)(2)(A) "saving clause." However, the "deemer clause" in § 1144(b)(2)(B), which the Court in *Metropolitan Life* concluded was inapplicable, would appear to apply in this case so as to make the § 1144(b)(2)(A) "saving clause" inapplicable and, thus, mandate that §§ 375.296, 375.420, and § 376.620 be pre-empted under § 1144(a)'s broad pre-emption provision.

It should be noted that the Court in *Metropolitan Life* read the "savings clause" very broadly and the "deemer clause" very narrowly by noting that "[t]he presumption is against pre-emption, and we are not inclined to read limitations into federal statutes in order to enlarge their pre-emptive scope." 471 U.S. at ——, 105 S.Ct. at 2390. *See also Dedeaux v. Pilot Life Insurance Co.,* 770 F.2d 1311, 1316 (5th Cir.1985). The Court did, however, preserve the life of the "deemer clause" by drawing a distinction between insured and uninsured benefit plans by noting that: "We are aware that our decision results in a distinction between insured and uninsured plans, leaving the former open to indirect regulation while the latter are not. By doing so we merely give life to a distinction created by Congress in the 'deemer clause,' a distinction Congress is aware of and one it has not chosen to alter." 471 U.S. at ——, 105 S.Ct. at 2393. Thus, the Supreme Court has impliedly indicated, as argued by defendant, that the "deemer clause" of § 1144(b)(2)(B) makes no self-insured ERISA employee benefit plan subject, directly or indirectly, to state laws

regulating insurance. A number of courts have so interpreted the "deemer clause", and have pre-empted state law as applied to these self-insured benefit plans. *See Powell v. Chesapeake and Potomac Telephone Co.,* 780 F.2d 419 (4th Cir.1985) (self-insured welfare benefit plan beneficiary's state law claims for intentional infliction of emotional distress, breach of contract and unfair trade practices with regard to handling of disability benefits claims pre-empted by ERISA); *Children's Hospital v. Whitcomb,* 778 F.2d 239 (5th Cir.1985) (Louisiana insurance law barring discriminatory coverage of treatment for mental illness as applied to self-insured benefit plan is pre-empted by ERISA); *Kilmer v. Central Counties Bank,* 623 F.Supp. 994 (W.D.Pa.1985) (Pennsylvania No-fault Motor Vehicle Insurance Act, allowing double recovery for medical expenses, as applied to self-insured group medical benefits plan is pre-empted by ERISA); *Kane v. Connecticut General Life Insurance Co.,* 607 F.Supp. 899 (C.D.Cal.1985) (ERISA's "deemer clause" prohibiting a state from deeming an employment benefit plan to be an insurance company for the purpose of any state law regulating insurance has the effect of prohibiting a state from regulating a self-insured employee benefit plan as if it were an insurance company).

In this case, defendant is a self-insured welfare benefit fund, at least as to the accidental death benefits. Therefore, this Court concludes that plaintiff's claim for vexatious refusal to pay under §§ 375.296 and 375.420, and the application of § 376.-620, which makes the suicide defense in insurance contracts null and void, are pre-empted by ERISA's pre-emption provision. Thus, the remedial scheme provided in the statute for aggrieved claimants, 29 U.S.C. §§ 1109, 1131, 1132, 1140 and 1141[4], is the exclusive remedy available to plaintiff for defendant's refusal to pay out under the accidental death benefits policy.

### C. *Application of ERISA*

Preliminarily, it should be noted that plaintiff, in its initial action filed in state court, did not invoke any ERISA claims. This fact brings into serious question the jurisdiction of this Court since the law is clear that jurisdiction on removal is to be determined on the basis of the complaint at the time the petition for removal is filed. *Pullman v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). This case was removed to this Court on March 26, 1986. To date, plaintiff has not amended her petition to state a cause of action under ERISA or any other federal claim and, by right, plaintiff's cause of action can be dismissed on that ground alone. However, since plaintiff's petition would be sufficient to give this Court diversity jurisdiction under 28 U.S.C. § 1332(a), and in light of the fact that plaintiff's exclusive remedy lies under the remedial provisions of ERISA, which allows a civil cause of action for breach of fiduciary duty for failure to pay a claim, then this Court feels it is appropriate to address the second issue raised in defendant's motion for summary judgment, namely, whether the denial of accidental death benefits by defendant Fund's trustees, based on their conclusion that plaintiff's husband committed suicide, warrants the granting of summary judgment in favor of defendant.

█ It should be noted that the Court of Appeals for this Circuit has held that the standard of review for the denial of bene-

---

**4.** The most applicable remedial provisions are 29 U.S.C. §§ 1109 (liability for breach of fiduciary duty) and § 1132 (civil enforcement). § 1109 provides that:

"(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduci-

ary, and shall be subject to such other equitable or remedial relief as the court may deem proper ..."

Section 1132 provides that:

"A civil action may be brought—
(1) by a participant or beneficiary—
....
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ..."

fits under a plan covered by ERISA is whether the trustees of the plan have acted arbitrarily, capriciously or in bad faith. "In other words, a reviewing court must determine whether the Trustees' decision is supported by substantial evidence and, if so, whether they have made an erroneous decision on a question of law." *Short v. Central States, Southeast and Southwest Areas Pension Fund,* 729 F.2d 567, 571 (8th Cir.1984); *see also Richardson v. Central States, Southeast and Southwest Areas Pension Fund,* 645 F.2d 660, 662 (8th Cir.1981). Based on the record presented in this case, this Court cannot say that the determination by defendant's Trustees was not supported by substantial evidence or that the Trustees erroneously applied the law in this case.

■ In considering plaintiff's appeals claim, the Trustees of defendant Fund had before it, inter alia, a police report, a property report, a certificate of death, and an investigative report, all of which identified the death of plaintiff's husband as suicide. In addition, the Trustees reviewed and considered evidence and statements to the contrary submitted by plaintiff and her attorney. The police report contained statements purportedly made by a Dr. Nevius, the physician of plaintiff's husband, which noted that the doctor called the police and stated that the deceased had told him that he was going to kill himself, and that deceased had told him that he had taken every pill in the house. Dr. Nevius, however, has denied making such statements in an affidavit submitted to this Court. Additionally, the property report listed empty prescription drug bottles and various other prescription drugs found in the deceased's home, and the certificate of death indicated that plaintiff's husband took medication in excess with alcohol and listed the death as suicide. From this and other evidence, defendant Fund's Trustees concluded that plaintiff's husband committed suicide and, accordingly, denied plaintiff benefits under the exclusion in the accidental death benefit's policy.

Under this standard of review, it is not the place of this Court to substitute its judgment for that of the defendant Fund Trustees, and thus, this Court concludes that it does not appear that the Trustees acted arbitrarily, capriciously or in bad faith by denying plaintiff accidental death benefits, since it appears that their determination was based on substantial evidence. Therefore, the Court feels that the granting of summary judgment under Fed. R.Civ.Pro. Rule 56 in favor of the defendant is proper in this case.

Additionally, defendant has requested attorney's fees and costs in this action as permitted by ERISA. However, given the complicated questions of law involved in this case, the Court, in its discretion, denies defendant attorney's fees since it does not appear that plaintiff has frivolously asserted this claim.

Accordingly, it is hereby

ORDERED that pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant's motion for summary judgment as to plaintiff's entire complaint is granted. It is further

ORDERED that each party bear their own costs.