Robert W. McPHEETERS and Linda
McPheeters, Plaintiffs-Respondents,

v.

COMMUNITY FEDERAL SAVINGS
AND LOAN ASSOCIATION, et al.,
Defendants-Appellants.

Nos. 51405, 51496.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 11, 1987.

Motion for Rehearing and/or Transfer
Denied Sept. 9, 1987.

Daniel Keith Barklage, St. Charles, John G. Young, Clayton, for defendants-appellants.

Donald V. Nangle, St. Louis, for plaintiffs-respondents.

STEPHAN, Judge.

Upon defendant American Family Mutual Insurance Company's refusal to release the deeds of trust that encumbered plaintiffs' St. Charles County home, plaintiffs, asserting the underlying indebtedness had been satisfied, sued to enforce the penalty authorized by § 443.130, RSMo 1978,[1] and to quiet title to the property in themselves. American Family held the deeds of trust by virtue of assignments from defendants Community Federal Savings and Loan Association and Beneficial Mortgage Company of Missouri. American Family denied the underlying indebtedness had been satisfied and, asserting plaintiffs were in default, counterclaimed for judicial foreclosure and quiet title. The matter was submitted to the trial court on stipulated facts. Defendants appeal from judgment for plaintiffs. We reverse and remand with directions.

In May 1978, plaintiffs Robert and Linda McPheeters financed the purchase of a home in St. Charles County through defendant Community Federal Savings and Loan Association. The $59,000.00 purchase money debt, evidenced by plaintiffs' promissory note, was secured by a deed of trust to the property. The deed of trust provided, insofar as is pertinent here, that "as additional security for the payment of the note and debt ..., Borrower will keep the improvements of the Property continuously insured ... against loss or damage by fire." In January 1979, to secure a debt of $5,436.74, plaintiffs executed a second deed of trust to the property in favor of defendant Beneficial Mortgage Company of Missouri. The second deed of trust also required that plaintiffs "... keep the buildings on [the] premises insured against loss by fire."

· Plaintiffs subsequently purchased a homeowners policy from defendant American Family Mutual Insurance Company. The policy provided the requisite fire loss coverage and listed Community Federal and Beneficial Mortgage as first and second mortgagees, respectively.

In August 1982, plaintiff's home was badly damaged by fire. Plaintiffs executed a proof of loss, as the homeowners policy required. American Family, however, denied liability, asserting the fire was arson and that plaintiffs were the culprits. Plaintiffs subsequently filed suit against American Family in the Circuit Court of St. Charles County for what they characterized as American Family's vexatious and unreasonable refusal to pay them for their loss. The action was removed to federal district court because of diversity of citizenship and was tried to a jury. American Family's principal defense is reflected in the following instruction to the jury:

Your verdict must be for defendant on plaintiff's claim ... for ... insurance policy proceeds if you believe:

First, either plaintiff or both plaintiffs, acting individually or together, set fire to the residence in question with the intention of burning the residence, or arranged to have someone set fire to the residence in question with the intention of burning the residence, and

Second, defendant was thereby prejudiced.

The jury returned a verdict for American Family, and judgment was entered accordingly.

In the meantime, Community Federal and Beneficial Mortgage had asserted claims for loss under the policy's mortgage clause, which provided:

to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

---

1. § 443.130 provides that if a trustee or mortgagee receiving satisfaction, does not, "within thirty days after request and tender of costs, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit

Loss or damage, if any, under this policy, shall be payable to the mortgagee (or trustee) named on the face of the declarations, as interest may appear, under all present or future mortgages upon the property therein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, *and* this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property.... (Emphasis added).

American Family duly settled the claims, taking back assignments of the deeds of trust and the notes they secured.[2] The assignments were authorized by this language in the policy's mortgage clause:

Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company ... may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage, with interest accrued, and shall thereupon receive a full assignment and transfer of the mortgage and of all other such securities....

Despite the district court's determination that American Family was not liable to plaintiffs under the homeowners policy, plaintiffs apparently believed, for reasons that remain unclear, that American Family's payments to Community Federal and Beneficial Mortgage had extinguished their (plaintiffs') obligations on the notes. When they demanded American Family release the deeds of trust that encumbered the property, American Family understandably refused. Plaintiffs subsequently filed suit in the circuit court of St. Charles County seeking quiet title and a § 443.130 penalty for American Family's allegedly wrongful refusal to release the deeds of trust.

American Family denied plaintiffs had discharged their obligations on the notes and, asserting plaintiffs were in default, counterclaimed for judicial foreclosure and quiet title. The circuit court determined that the former adjudication doctrine of merger barred American Family's counterclaims because American Family had failed to interpose them as compulsory counterclaims in the federal action. Accordingly, the circuit court quieted title in plaintiffs and assessed the prayed-for penalty and costs against defendants. On appeal American Family asserts the circuit court has erroneously applied the law. We agree.

■ Though it is certainly correct to say a party is barred from suing on a claim he should have interposed as a compulsory counterclaim in a prior action,[3] the rule, by its terms, bars only unasserted *compulsory* counterclaims. Under the federal rule, a counterclaim is compulsory "... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). Plaintiff's claim in the federal action was for the proceeds of the homeowners policy. The occurrence that gave rise to the claim was the property loss plaintiffs suffered as a result of the fire. The occurrence that gave rise to American Family's claims for judicial foreclosure and quiet title, on the other hand, was plaintiffs' default on the notes American Family held by virtue of assignment under the insurance policy's mortgage clause. Because American Family's claims did not arise from the occurrence that precipitated plaintiffs' claim for the policy's proceeds, they were not compulsory counterclaims in the context of the federal suit and were not merged in the judgment.

■ That is not to say res judicata principles do not dictate the outcome of this appeal. In the federal action, the jury re-

---

**2.** Beneficial Mortgage assigned its note and deed of trust to American Family for $5,938.76. Community Federal assigned American Family its note and deed of trust for $66,847.64. The payments represented the principal and interest due on the notes.

**3.** See *Society for the Preservation of St. Louis Lodge # 20, AF and AM v. Masonic Temple Association of St. Louis,* 692 S.W.2d 837 (Mo.App. 1985).

solved the issue of American Family's liability to plaintiffs adversely to plaintiffs. The issue, thus determined, became res judicata by virtue of the judgment rendered on the jury's verdict. *Jackson v. Hartford Accident & Indemnity Company,* 484 S.W.2d 315, 321 (Mo.1972). Because it may not be relitigated between the same parties or those in privity with them, plaintiffs are estopped in the present action to claim American Family was obligated to them under the homeowners policy or, more specifically, to assert they were the beneficiaries of the payments American Family made to Community Federal and Beneficial Mortgage under the policy's mortgage clause. Plaintiffs do not claim, nor does the record indicate, they independently discharged their obligations on the promissory notes they executed in favor of Community Federal and Beneficial Mortgage. Thus, plainly, they remain obligated on the notes, though they now owe the obligations not to Community Federal and Beneficial Mortgage, but to American Family.

Because the notes remain unpaid, the deeds of trust plaintiffs executed and delivered as security for payment remain valid encumbrances on their title. The circuit court's order quieting title in plaintiffs was therefore error.

 Both deeds of trust authorize American Family to seek judicial foreclosure upon plaintiffs' failure to pay any installment of the underlying note when due. The parties stipulate plaintiffs have made no payment on either note since the fire. American Family is therefore entitled to judgment on its counterclaim for judicial foreclosure and to quiet title against plaintiffs.

Judgment for plaintiffs is reversed; the matter is remanded with directions to enter judgment for American Family on its counterclaims.

GARY M. GAERTNER, P.J. and SIMON, J., concur.