Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this action be and it is entered in favor of defendants, Kenneth G. Friesz and Norma L. Friesz, and against plaintiff, United States of America.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendants shall recover of the plaintiff their costs in this action.

Janice WEAVER, Plaintiff,

v.

MID–CENTURY INSURANCE COMPANY OF LOS ANGELES, CALIFORNIA, Defendant.

No. 87–1809C(6).

United States District Court, E.D. Missouri, E.D.

Aug. 11, 1988.

Donald V. Nangle, St. Louis, Mo., for plaintiff.

John G. Doyer, Brinker, Doyer & Kovacs, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

Plaintiff Janice Weaver brings this two-count action against defendant Mid–Century Insurance Company of Los Angeles (Mid–Century), her insurer under a homeowners' policy issued September 29, 1984, which insured plaintiff against loss or destruction of her home and personal property due to fire. On June 28, 1985 plaintiff's home was substantially destroyed by fire. The insurer has refused to pay on plaintiff's claim asserting that she was responsible for the fire. In Count I of her complaint plaintiff seeks recovery under the insurance policy and punitive damages pursuant to Mo.Ann.Stat. § 375.400 (Vernon's 1968) for defendant's alleged vexatious refusal to pay on the policy.

Following the fire, Mid–Century tendered $38,489.24 to Merrill Lynch Mortgage Company (Merrill Lynch), the holder of a promissory note and deed of trust on plaintiff's home and took back the note and deed of trust. Defendant contends that this transfer was a valid assignment of Merrill Lynch's interest authorized by the union mortgage clause in the deed of trust. Plaintiff characterizes the transaction as partial indemnification for the loss she occasioned as a result of the fire. Accordingly, in Count II, plaintiff asks the Court to order defendants to release the note and deed of trust and quiet title to the real estate in her.

■ Defendant moves to dismiss Counts I and II for failure to join a party as required by Fed.R.Civ.P. 19. In support of this motion defendant asserts that Cornelius Weaver, plaintiff's ex-husband, must be joined as a plaintiff in this action in order to protect Mid–Century from a substantial risk of incurring double or otherwise inconsistent obligations. See Fed.R. Civ.P. 19(a)(2)(ii). Mid–Century contends that Cornelius Weaver is a necessary party to this action because he was a named insured on the policy, a co-signatory on the

proof of loss submitted under the policy and a co-obligor in the promissory note and deed of trust. In response plaintiff notes that pursuant to the terms of the Weavers' divorce decree, Cornelius Weaver quitclaimed all his right, title and interest in the property in question to plaintiff on January 30, 1984, some eighteen months prior to the fire. See General Warranty Deed appended to Plaintiff's Response to Defendant's Motion to Dismiss. Thus it appears (and Cornelius Weaver so states) that he had no insurable interest in the property on September 29, 1984, the date the policy was issued. Plaintiff further asserts that Weaver's name appeared on the policy due to a clerical error on the part of the insurer and that he signed the proof of loss merely as an accommodation to plaintiff. In addition plaintiff avers that Cornelius Weaver fully assigned his rights under the insurance policy to plaintiff and offers as proof thereof a copy of the assignment dated December 16, 1987. See Assignment of Rights Under Insurance Policy appended to Plaintiff's Response to Defendant's Motion to Dismiss.

On the basis of plaintiff's response to defendant's motion the Court concludes that with respect to Count I of plaintiff's complaint, Cornelius Weaver is not a party whose joinder is necessary for a just adjudication within the meaning of Rule 19 because he retains no interest in the insurance policy which could subject defendant to multiple or inconsistent liability on that claim. The Court concludes, however, that Cornelius Weaver is a necessary party to Count II, the quiet title action, inasmuch as he remains liable on the promissory note encumbering the property. Accordingly, plaintiff is granted leave to amend her complaint to name Cornelius Weaver as a party to Count II.

■ Also before the Court is plaintiff's motion to strike defendant's affirmative defense to Count I. In ¶ 6 of its answer to Count I, defendant avers that if plaintiff establishes her right to recovery under the insurance policy, her recovery should be reduced by the amount defendant paid to

Merrill Lynch in exchange for the note and the deed of trust.

Despite plaintiff's contention to the contrary, the Court concludes that Mid–Century is entitled to assert such a defense. Whether defendant ultimately prevails on this issue depends upon how the jury views Mid–Century's payment to Merrill Lynch satisfying plaintiff's obligation to that entity. *See Crewse v. Shelter Mutual Ins. Co.*, 706 S.W.2d 35, 42 (Mo.Ct.App.1985). If the satisfaction of the note is viewed as a partial prepayment of the insurer's liability for the loss incurred, then defendants will be entitled to a set-off. *Id.* However, if the payment to Merrill Lynch is viewed as a purchase of the right to sue on the note and to replace the bank as a substituted creditor, Mid–Century will not be entitled to a set-off against its liability on the policy. *Id.* Accordingly, plaintiff's motion to strike is denied.

 Defendant also seeks leave to file its counterclaim for amounts due it under the promissory note. Although defendant's characterization of this counterclaim as compulsory within the meaning of Fed. R.Civ.P. 13(a) is in error, leave to file will be granted inasmuch as the liability of Mid–Century under the policy and the liability of plaintiff under the note are "directly related." *See McPheeters v. Com. Fed. Sav. & Loan Ass'n*, 736 S.W.2d 62, 64 (Mo.Ct.App.1987) (action on promissory note which arises out of default is not a compulsory counterclaim to action on fire insurance policy which arises from property loss suffered due to fire); *Sadler v. Home Savings of America*, 733 S.W.2d 856, 858 (Mo.Ct.App.1987).

Finally, defendant seeks to separate the trial of Count I from that of Count II and the counterclaim. In support of this motion defendant argues that Count I, the action on the insurance policy, is the only jury claim among the three claims at issue and that once the jury resolves Count I, the Court can rule from the bench on Count II and defendant's counterclaim. Defendant correctly contends that in this case the quiet title action is equitable in nature, *Pipes v. Sevier*, 694 S.W.2d 918, 923 (Mo.

Ct.App.1985), but the Court cannot agree with defendant's contentions with respect to the counterclaim. Although the jury's determination with respect to Count I will necessarily resolve some issues relevant to Count II and the counterclaim, *McPheeters*, 736 S.W.2d at 64–65, the Court cannot determine at this stage of the proceeding that no other jury issues will remain for resolution at the time of trial. Moreover, plaintiff is entitled to a trial by jury on defendant's counterclaim and has not waived that right. Fed.R.Civ.P. 38. Inasmuch as defendant has cited no other basis, aside from the nature of the relief requested, for separating the trial of Count II and the counterclaim from the action on the insurance policy, the Court declines to grant defendant's motion at this time. If in the future defendant can demonstrate that one of the recognized grounds for granting a separate trial pertains in this case the Court will entertain a renewal of this request. *See* Fed.R.Civ.P. 42(b).