**In re LIFE INSURANCE COMPANY OF NORTH AMERICA, Petitioner.**

No. 88–2033.

United States Court of Appeals, Eighth Circuit.

Submitted July 15, 1988.

Decided Sept. 22, 1988.

Richard N. Bien, Kansas City, Mo., for petitioner.

Joseph K. Lewis, Kansas City, Mo., for Willie Lewis.

John D. Dunbar, Kansas City, Mo., for Milgram Food Stores.

Before LAY, Chief Judge, and McMILLIAN and FAGG, Circuit Judges.

McMILLIAN, Circuit Judge.

Life Insurance Company of North America (LINA) petitions for a writ of mandamus regarding an order entered in the District Court for the Western District of Missouri remanding to Missouri state court a vexatious refusal to pay claim brought against LINA by plaintiff Willie L. Lewis. *Lewis v. Life Insurance Co.*, No. 86–0763–CV–W–6 (W.D.Mo. July 18, 1988). LINA contends that the writ should issue because the district court's remand was based on an erroneous conclusion that Lewis's claim was not preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and because the district court's error will be effectively unreviewable except by writ of mandamus. For the reasons discussed below, the writ of mandamus will issue.

## I

Lewis was employed by Milgram Food Stores, Inc. (Milgram), as a warehouse worker until May 1981, when he suffered a disabling work-related injury. Lewis was a member of Teamsters Local No. 955, which was party to a collective bargaining agreement with Milgram. This agreement required Milgram to provide long-term disability benefits to union employees. Lewis applied for and received disability payments from LINA, Milgram's insurance carrier, beginning in August 1981. In January 1982 LINA required Lewis to submit to a physical examination by a physician selected by LINA. On the basis of that examination, LINA advised Lewis later that month that he was not totally disabled as defined in his contract and discontinued his disability benefits.

On May 5, 1986, Lewis filed a three-count complaint against LINA and Milgram. Count I charged LINA with both breach of the insurance contract and vexatious refusal to pay insurance benefits under Mo.Rev. Stat. § 375.420. Count II alleged that Milgram had tortiously interfered with the contract of insurance between Lewis and LINA. The final count alleged that LINA had tortiously interfered with the labor contract between Lewis and Milgram. LINA and Milgram removed the case to the District Court for the Western District of Missouri, alleging federal question jurisdiction because Lewis's complaint was preempted by ERISA and the Labor Management Relations Act, 29 U.S.C. §§ 141–187 (LMRA). The district court accepted removal jurisdiction pursuant to *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (*Taylor*) (state law causes of action preempted by ERISA removable to federal court even though defense of ERISA preemption does not appear on face of complaint, as normally required for removal by "well-pleaded complaint" rule). In the district court, LINA moved for summary judgment on the breach of contract claim in Count I as preempted by ERISA and on the Count III tortious interference claim as preempted by both ERISA and LMRA. Milgram moved for summary judgment on the Count III tortious interference claim as preempted by ERISA.

On March 8, 1988, the district court concluded that the breach of contract portion of Count I as well as the Count II claim of tortious interference with an insurance claim were preempted by ERISA. *Lewis v. Life Insurance Co.*, No. 86–0763–CV–W–6, slip op. at 5–6 (W.D.Mo. Mar. 8, 1988) (memorandum and order). The district court further concluded that the Count III claim of tortious interference with an employment contract was preempted by LMRA. *Id.* at 8. The district court did not believe, however, that either LMRA or ERISA preempted the Count I claim of vexatious refusal to pay insurance benefits under Missouri law. *Id.* The court dismissed this claim as pendent under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and granted summary judgment on the other claims due to preemption.

Lewis then moved for leave to amend his complaint so as to cast his allegations as federal claims arising under ERISA and LMRA. Alternatively, Lewis requested the district court to remand his remaining vexatious refusal to pay claim to state court rather than dismissing it. LINA simultaneously requested the district court to reconsider its ruling that the vexatious refusal to pay claim was not preempted by ERISA in light of *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (*Pilot Life*).

On June 17, 1988, the district court denied Lewis's request for leave to amend his complaint. *Lewis v. Life Insurance Co.*, No. 86–0763–CV–W–6, slip op. at 3–4 (W.D.Mo. June 17, 1988) (memorandum and order). The district court then reconsidered its ruling that ERISA did not preempt Lewis's vexatious refusal to pay claim. The district court noted five other cases holding that, after *Pilot Life*, ERISA preempts such state law vexatious refusal to pay actions. Nevertheless, the district court chose to follow *Hoeflicker v. Central States, Southeast & Southwest Areas Health & Welfare Fund*, 644 F.Supp. 195, 198–200 (W.D.Mo.1986) (*Hoeflicker*), a case decided before *Pilot Life*, holding that ERISA does not preempt such claims. Accordingly, the district court reaffirmed its

holding that ERISA did not preempt the Missouri vexatious refusal to pay claim. The district court did, however, modify its previous dismissal of Lewis's vexatious refusal to pay claim and instead remanded the claim to state court.

In its petition for a writ of mandamus, LINA requests this court to reverse the district court's holding that ERISA does not preempt the vexatious refusal to pay claim. Lewis has separately appealed from the district court's grant of summary judgment on his other claims (No. 88–2149) and LINA has cross-appealed (No. 88–2216), but these appeals are not now before this court.

## II

We begin by considering our authority to issue a writ of mandamus. It is well established that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam) (*Allied Chemical*); *see, e.g., Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976); *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). In *Allied Chemical*, the Court explained that mandamus should issue only in extraordinary circumstances because

> "[i]ts use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation. It has been Congress' determination since the Judiciary Act of 1789 that as a general rule appellate review should be postponed until after final judgment has been rendered by the trial court. A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would "run the real risk of defeating the very policies sought to be furthered by that judgment of Congress."

449 U.S. at 35, 101 S.Ct. at 190 (quoting *Kerr v. United States District Court*, 426 U.S. at 403, 96 S.Ct. at 2124). To avoid any

erosion of the final judgment rule, the Court has required a party seeking mandamus to make two showings: (1) there are "no other adequate means to attain the relief ... desire[d]," and (2) that the "right to issuance of the writ is 'clear and indisputable.'" *Allied Chemical*, 449 U.S. at 35, 101 S.Ct. at 190 (quoting *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)); *see also In re Ford Motor Co.*, 751 F.2d 274, 276 (8th Cir.1984) (mandamus denied because moving party "failed to show that it will be irreparably harmed or that its opportunity for meaningful appellate review will be lost unless immediate review is permitted"); *In re Exterior Siding & Aluminum Coil Antitrust Litigation*, 696 F.2d 613, 619 (8th Cir.1982) (Arnold, J., dissenting) ("The petitioner must show that he has no other adequate means to attain the relief he desires, and that his right to issuance of the writ is clear and indisputable.").

■ Although we are always reluctant to invoke such a drastic remedy as mandamus, we conclude that it is necessary here. LINA has demonstrated that it (1) has no other means to obtain appellate review of the district court's preemption ruling and (2) its right to relief is clear and indisputable.

The district court ruled that as a matter of federal law ERISA does not preempt a claim under Missouri's vexatious refusal to pay statute and then remanded the claim to state court. Had the district court instead dismissed the complaint, this ruling would be directly appealable as a final order. The remand, however, is not directly appealable as a final order to this court. As a result of the remand, then, this court will never have appellate jurisdiction over this order in the absence of review by mandamus.

Moreover, LINA will not be able to challenge the district court's preemption ruling on remand in the Missouri courts either. The district court's ruling on a question of federal law will be binding on the Missouri courts as res judicata and the law of the case. *Jackson v. Hartford Accident & Indemnity Co.*, 484 S.W.2d 315 (Mo.1972); *McPheeters v. Community Federal Savings & Loan Ass'n*, 736 S.W.2d 62 (Mo.Ct. App.1987); *see also United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1076 (7th Cir.1970) ("[W]hen a lower federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process."). Accordingly, LINA has demonstrated that mandamus is the only adequate means to attain the relief it seeks.[1]

### III

■ On the merits of the district court's ruling, LINA has also shown a clear and indisputable right to the issuance of the writ. In light of the Supreme Court's recent decision in *Pilot Life*, it is clear that Lewis's claim under the Missouri vexatious refusal to pay statute is preempted by ERISA.

The preemption provisions of ERISA provide:

(a) Supersedure ...

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan....

(b) Construction and application

....

(2)(A) ... nothing in this subchapter shall be construed to exempt or relieve

---

1. The Supreme Court in *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976), held that under 28 U.S.C. § 1447(d) a remand order issued pursuant to 28 U.S.C. § 1447(c) on the ground that the case was removed improvidently is "not subject to challenge in the court of appeals by appeal, by mandamus, or otherwise." The re-

mand order in this case, however, was not issued pursuant to § 1447(c). Rather, the remand order issued for a reason other than those set forth in § 1447(c) under *Carnegie–Mellon Univ. v. Cohill*, — U.S. —, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Accordingly, we are not barred from review by mandamus under *Thermtron* or § 1447(d).

any person from any law of any State which regulates insurance.... 29 U.S.C. § 1144. Under these provisions, any state law which "relates to" an employee benefit plan is preempted by ERISA under § 1144(a) unless it is a law which "regulates insurance" under § 1144(b)(2)(A).

Here, it is clear that Missouri's vexatious refusal to pay statute "relates to" an employee benefit plan. In *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)), the Court noted that "[t]he phrase 'relate to' [is] given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " The Missouri vexatious refusal statute falls within this broad common-sense meaning of the phrase "relate[s] to"; it has a substantial effect on benefit plans because it provides a penalty for any bad faith refusal to pay out of the plan. Even *Hoeflicker*, the case relied upon by the district court in holding that ERISA did not preempt the Missouri statute, concluded that the Missouri vexatious refusal to pay statute "relates to" an employee benefit plan. 644 F.Supp. at 199; *see also Pilot Life*, 107 S.Ct. at 1553 (Mississippi common law actions for improper processing of a claim for benefits under an employee benefit plan "undoubtedly meet the criteria for pre-emption" under § 1144(a)).

The Missouri vexatious refusal to pay statute is thus expressly preempted by ERISA unless it is saved from preemption under § 1144(b)(2)(A) as a law "which regulates insurance." The Court in *Pilot Life* addressed the application of the phrase "which regulates insurance" in § 1144(b)(2)(A) to common law actions in Mississippi for failure to pay insurance benefits. The Court looked first to the "common-sense view" of the language of § 1144(b)(2)(A). Second, the Court looked at three criteria used in the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.

C. § 1011 *et seq.* Finally, the Court examined "the clear expression of congressional intent that ERISA's civil enforcement scheme be exclusive." 107 S.Ct. at 1558. The Court concluded that the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a), were meant to "be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of [§ 1132(a) ] would pose an obstacle to the purposes and objectives of Congress." 107 S.Ct. at 1555. The Court further reasoned that:

> The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. "The six carefully integrated civil enforcement provisions found in [§ 1132(a) ] of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly."

*Id.* 107 S.Ct. at 1556 (quoting *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original)).

The Court in *Pilot Life* could not have stated with any greater clarity that the remedies afforded under ERISA are exclusive, and no state law purporting to supply additional remedies will escape the preemptive effect of § 1144(a) as laws "which regulate insurance" under § 1144(b)(2)(A). There can be no doubt after *Pilot Life* that a state vexatious refusal to pay claim is preempted by ERISA where it relates to an employee benefit plan. Every court to have considered the question since *Pilot Life* was decided has reached the same conclusion. *See, e.g., Juckett v. Beecham Home Improvement Products, Inc.*, 684 F.Supp. 448 (N.D.Tex.1988) (claims under Texas wrongful refusal to pay statute

preempted); *Dutenhaver v. Teachers Insurance & Annuity Ass'n,* 1988 WESTLAW 53187 (N.D.Ill.1987) (Illinois vexatious refusal to pay statutory claims preempted) (not reported in F.Supp.); *Lee v. Prudential Insurance Co.,* 673 F.Supp. 998 (N.D.Cal.1987) (California "unfair claims settlement practice" statutory claims preempted); *Roberson v. Equitable Life Assurance Soc'y,* 661 F.Supp. 416 (C.D.Cal.1987) (California statutory claims preempted); *see also Rasmussen v. Metropolitan Life Insurance Co.,* 675 F.Supp. 1497 (W.D.La.1987) (unnecessary to determine if employee benefit plan is self-funded or insured; if remedy sought conflicts with ERISA substantive provisions, it is preempted). The district court clearly erred in ruling that Missouri's vexatious refusal statute was not preempted by ERISA and in denying LINA's motion for summary judgment for that reason.

### IV

The petition for a writ of mandamus is granted, and the district court's order is vacated to the extent that it denied summary judgment on the vexatious refusal to pay claim by holding that ERISA does not preempt the claim. The case is remanded to the district court for further proceedings consistent with this opinion. In view of our disposition of Lewis's vexatious refusal to pay claim, we also suggest that the district court reconsider its order denying Lewis leave to amend his complaint so as to bring it within the remedial provisions of ERISA.