723 F.Supp. 1345 (1989)
George J. MILLER, Sr., Plaintiff,
v.
The TRAVELERS INSURANCE COMPANY, Defendant.
No. 89-1379C(1).
United States District Court, E.D. Missouri, E.D.
November 3, 1989.
*1346 David Rauscher, Clayton, Mo., for plaintiff.
Michael Clithero, Richard Pautler, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
This action arises out of an unpaid claim made by plaintiff via the group health plan offered by his employer, Miller and Sarkisian, P.C. Plaintiff filed a petition in St. Louis City Circuit Court, in which Count I stated a common law breach of contract claim for the unpaid amount and Count II stated a claim for vexatious refusal to pay under § 375.420 R.S.Mo.
Defendant insurer removed the action from the Circuit Court of the City of St. Louis, asserting that plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and so presents a federal question. Plaintiff has filed a motion to remand based on the sole contention that plaintiff's law firm employer was not "engaged in commerce or in any industry or activity affecting commerce" within the meaning of 29 U.S.C. § 1003, so that the firm's health benefit insurance plan is not subject to ERISA. The Court finds to the contrary, i.e., that the practice of law, both generally and as done by plaintiff's employer, affects commerce within the meaning of ERISA.
The pertinent terms are defined extremely broadly in ERISA:
(11) The term "commerce" means trade, traffic, commerce, transportation, or communication between any State and any place outside thereof.
(12) The term "industry or activity affecting commerce" means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and includes any activity or industry "affecting commerce" within the meaning of the Labor Management Relations Act ... or the Railway Labor Act ...
29 U.S.C. § 1002. As the statutory language indicates, ERISA's coverage is based on the type of activity the employer engages in, rather than the actual sphere of a particular employer's activities: i.e., whether, in the instant case, the practice of law is an "industry or activity affecting commerce." The extent of interstate communication, travel and commerce necessarily involved in the practice of law today persuades the Court that a law firm employer is within the intended scope of ERISA's coverage of employee benefit plans. In Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the Supreme Court held that state law causes of action preempted by ERISA are removable to federal court without regard to the well-pleaded complaint rule. Because the Court concludes below that plaintiff's causes of action are preempted by ERISA, the motion to remand is denied.
Defendant has also filed a motion to dismiss and/or for summary judgment, arguing that ERISA preempts both of plaintiff's claims as pled. The Court agrees. The Court's conclusion is bolstered by recent decisions of the United States Supreme Court and the Eighth Circuit involving ERISA's preemptive power. Under the rule of Metropolitan Life, supra, and Pilot Life Insurance Company v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), decided the same day, plaintiff's common law breach of contract claim in Count I is preempted by ERISA, pursuant to 29 U.S.C. § 1144(a). See Metropolitan Life 481 U.S. at 62, 107 S.Ct. at 1545-46. That statutory section provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in § 1003(a) of this title...." Although there is in ERISA an exemption from the general rule of preemption for laws which regulate insurance, found in 29 U.S.C. § 1143, the Eighth Circuit has applied the Supreme Court's Pilot Life rationale to hold that claims under Missouri's vexatious refusal to pay statute are preempted by ERISA. In re Life Insurance Company *1347 of North America, 857 F.2d 1190, 1194-95 (8th Cir.1988). With these clear and binding precedents before it, this Court must dismiss plaintiff's claims as preempted by ERISA.

ORDER
Pursuant to the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion to remand be and is denied.
IT IS FURTHER ORDERED that defendant's motion to dismiss be and is granted, and plaintiff's complaint be and is dismissed with prejudice.
IT IS FURTHER ORDERED that defendant's motion in the alternative for summary judgment be and is denied as moot.