PER CURIAM.
After Robert Jackson died of a self-inflicted gun shot wound, his beneficiaries sought the proceeds of an accidental death insurance policy covering Jackson and issued to Jackson’s employer by Life Insurance Company of North America. The policy excludes benefits for intentionally self-inflicted injuries while sane. The Company denied coverage, concluding there was no evidence Jackson was insane at the time of his death or that his suicide was accidental. After the Company again denied the claim, the beneficiaries brought this action asserting breach of contract, vexatious refusal to pay, and a claim under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). The district court granted summary judgment to the Company, concluding ERISA preempts the state-law breach of contract and vexatious refusal to pay claims, and the Company did not abuse its discretion in failing to pay policy proceeds.
On appeal, the beneficiaries first argue the district court committed error in applying the abuse of discretion standard of review. When, as here, the insurance company that benefits financially from the claim’s denial is also the ERISA plan administrator, a less deferential standard of review may apply. See Woo v. Deluxe Corp., 144 F.3d 1157 (8th Cir.1998). We do not automatically use a heightened standard of review any time the insurer is also plan administrator, however. See Barnhart v. UNUM Life Ins. Co. of Am., *681 179 F.3d 583, 587, 588 & n. 8 (8th Cir.1999). To obtain the less deferential standard, the beneficiaries must show, under the particular facts and circumstances of the case, that a conflict or procedural irregularity so tainted the process that it caused a serious breach of fiduciary duty. See id. at 588. The beneficiaries have failed to do so.
The beneficiaries informed the Company they believed Jackson was not sane at the time of his death, and hired Dr. William Logan to investigate the circumstances surrounding Jackson’s suicide. Dr. Logan concluded “Jackson could not exercise a rational judgment on the question of life or death.” A doctor hired by the Company’s attorney conducted a thorough investigation and concluded “Jackson was not insane at the time he took his own life.” After considering the doctors reports, as well as other evidence, the Company denied the claim on administrative review. The beneficiaries contend the Company should have obtained an independent expert opinion about Jackson’s sanity from legal and mental health professionals. See Woo, 144 F.3d at 1161 (insurer’s use of only an in-house medical reviewer amounted to a serious breach of fiduciary duty). The mere fact that the Company reached a decision contrary to the beneficiaries’ medical evaluator, when the Company based its decision on substantial evidence in the record, including the report of a medical reviewer outside of the Company, does not give rise to serious doubts about whether the denial was arbitrary. See Sahulka v. Lucent Technologies, Inc., 206 F.3d 763, 768 (8th Cir.2000). The beneficiaries have not met their burden of showing the financial conflict was connected with the denial of their claim. See id. The district court thus properly reviewed the Company’s denial for abuse of discretion.
The beneficiaries also assert ERISA does not apply or preempt the state law claims. We disagree. In their joint motion to stay the case, the beneficiaries stated, “The parties agree that the plan at issue is governed by ERISA, ... and plaintiffs’ claims are regulated by ERISA.” Besides, as the district court found, the evidence shows the claims relate to an employee welfare benefit plan under ERISA, and are thus preempted. See Molasky v. Principal Mut. Life Ins. Co., 149 F.3d 881, 884 (8th Cir.1998) (ERISA preempts claim for breach of contract); In re Life Ins. Co. of N. Am., 857 F.2d 1190, 1194-95 (8th Cir.1988) (ERISA preempts vexatious refusal claim).
We affirm the district court.