**COMPREHENSIVE CARE CORPORATION, d/b/a Care Unit of Coral Springs, Plaintiff,**

**v.**

**Gloria DOUGHTRY, individually and as parents, next friends and guardians of Jeremy Doughtry, and Aetna Life Insurance Company, Defendants.**

No. 88–10001–Civ.

United States District Court,
S.D. Florida,
Miami Division.

March 24, 1988.

---

H. Mark Vieth, Miami, Fla., for plaintiff.

Richard Benjamin Wilkes, Tampa, Fla., for defendants.

## ORDER DISMISSING CROSS–CLAIM

JAMES LAWRENCE KING, Chief Judge.

The resolution of the motion currently before this court once again requires a federal court to interpret the massive and extremely important Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (1985) (ERISA). In particular, the court must determine whether the employee welfare benefit program involved here is within the purview of ERISA and whether ERISA preempts all state law claims concerning an employee benefit plan. After reviewing the record, the court grants the motion.

The defendant, Gloria Doughtry, has asserted two cross-claims against Aetna Insurance Company. Doughtry alleges that she sought to have her son admitted to the plaintiff's hospital facility. She maintains that she provided the plaintiff with information through which it could verify coverage under an insurance policy issued by Aetna. Plaintiff's employee spoke with Aetna, and Aetna affirmed Doughtry's coverage. Doughtry maintains that she relied upon this representation and admitted her son to plaintiff's facility. Aetna subsequently denied that Doughtry was covered.

Doughtry notes that she does not allege that her written contract of insurance for major medical benefits was breached by Aetna. She maintains only that Aetna committed tortious acts outside this contractual relationship. In essence, plaintiff argues that a separate oral agreement arose during the telephone conversation between Aetna and the plaintiff. As an alternative argument, plaintiff contends that Aetna negligently misrepresented to Care Unit of Coral Springs that Doughtry's son was covered under the aforementioned policy. To avoid any purported conflict with ERISA, Doughtry argues that neither of these claims seeks recovery of benefits due under the plan or policy.

In opposing this motion, Doughtry first contends that the alleged written agreement is not a plan covered by ERISA because it fails to meet ERISA's disclosure requirements. Doughtry argues that in order for a plan to be covered by ERISA, the plan and all of its provisions must meet the specific content and description requirements of the ERISA statute. 29 U.S.C. §§ 1021–24.

The focus of Doughtry's argument, however, is misplaced. The court must decide not whether Aetna complied with ERISA, but whether the insurance policy falls under the purview of ERISA. Congress specifically intended *all* group health insurance programs for employees to be governed exclusively by ERISA. ERISA "comprehensively regulates" employee pension and welfare plans. *See Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 728, 105 S.Ct. 2380, 2383, 85 L.Ed. 2d 728 (1985); *Pilot Life Ins. Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). Congress defined an employee welfare-benefit plan in § 1002(1) as one which provides to employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability or death," whether these benefits are provided "through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1). Congress intended ERISA to apply to these types of plans with full constitutional effect under Congress' power under the Commerce Clause. *See* 29 U.S.C. § 1001(a). Because every employee welfare-benefit plan has at least a minimal effect on interstate commerce, ERISA applies to all employee welfare-benefit plans.

This conclusion is further supported by 29 U.S.C. § 1114(a), the preemption section. By enacting this provision, Congress intended ERISA to supersede "any and all state laws insofar as they may now or hereafter relate to *any* employee benefit plan." *Id.* (emphasis added).

Moreover, Congress never intended to exclude an employee welfare-benefit plan from ERISA's scope just because the plan failed to meet the disclosure requirements. This congressional intent is manifested in 29 U.S.C. § 1131, which authorizes criminal penalties for violations of the reporting and disclosure provisions of ERISA. If plans in violation of these requirements were not to be within ERISA coverage, Congress would not have provided criminal penalties for plans that failed to meet these ERISA conditions.

In her memorandum in opposition to the motion to dismiss, Doughtry concedes that the plan in question is an employee welfare-benefit plan. Because Congress intended all employee welfare-benefit plans to be governed by ERISA, Doughtry's plan is subject to ERISA's regulations.

This court must now decide whether Doughtry's claims are preempted under ERISA. "The question of whether a certain state action is preempted by federal law is one of congressional intent." *See Allis–Chalmers Corporation v. Lueck,* 471 U.S. 202, 208, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985), quoting *Malone v. White Motor Corp.,* 435 U.S. 497, 504, 98 S.Ct. 1185, 1190, 55 L.Ed.2d 443 (1978). In enacting ERISA, Congress established three preemption provisions. The Supreme Court in *Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) summarized the three express preemption provisions of ERISA. If a state law "relates to employee benefit plans," it is preempted. *Pilot Life Ins. Co.,* 107 S.Ct. at 1552 (interpreting § 1144(a)). If a state law regulates insurance, that law is exempted from preemp-

tion. *Id.* (interpreting § 1144(b)(2)(A)). If a state law "purports to regulate insurance," that law cannot deem an employee benefit plan to be an insurance company. *Id.* (interpreting § 1144(b)(2)(B)).

To resolve the current motion, this court obviously must determine whether Doughtry's claims are founded upon state insurance law. If they are, the claims are not preempted; if they are not, the claims are preempted.

In determining whether a particular state law is one regulating insurance, a federal court must first look toward its common sense reading of the language of § 1144(b)(2)(A). *Pilots Life Ins. Co.,* 107 S.Ct. at 1553. A court then must make use of the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011, *et seq.* Under the authorities interpreting this phrase, a court must determine if the law is intended to achieve one of three results: (1) whether the law affects the transferring or spreading of a policyholder's risk; (2) whether the law concerns an integral part of the policy relationship between the insurer and the insured; (3) whether the scope of the law is limited to entities within the insurance industry. *See Union Labor Life Ins. Co. v. Pierno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3008, 78 L.Ed.2d 647 (1982).

In the present case, these considerations indicate that the two cross-claims for breach of contract and negligent misrepresentation are state law claims that do not regulate insurance and thus are preempted by ERISA. Under the common sense approach, the Supreme Court has held that the word "regulates" leads to the conclusion that in order to regulate insurance, a law must not only have an impact on the insurance industry but must also be specifically directed toward that industry. *See Pilot Life Ins. Co. v. Dedeaux,* — U.S. —, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (1987). In this case, the breach of contract[1] and negligence claims may relate to

1. The court finds Doughtry's argument that a separate oral agreement arose between Aetna and herself to be unpersuasive. Doughtry admits she was part of an employee welfare-bene-

fit plan. She admits that she provided the hospital clerk with information from which Aetna confirmed the fact that she was covered. This was not the creation of a new policy.

the insurance industry, but like the claims in *Pilot Life Ins. Co.*, these counts are "firmly planted in the general principles" of Florida tort and contract law. Neither does the "business of insurance" provision of the McCarren–Ferguson Act indicate that these claims regulate insurance. The claims do not affect, transfer or spread a policyholder's risk. The law governing these claims does not constitute an integral part of the policy relationship between the insured and the insurer, and is not limited to entities within the insurance industry. Accordingly, the two cross-claims are preempted by ERISA. It is, therefore,

ORDERED AND ADJUDGED that defendant Aetna's motion to dismiss defendant Doughtry's cross-claim be, and the same is hereby, GRANTED.

DONE AND ORDERED in chambers at the United States Courthouse, Federal Courthouse Square, Miami, Florida, this 24th day of March 1988.

Furthermore, this court is extremely hesitant to find that a separate oral agreement existed when a full ERISA policy was in effect. To so find probably would mean the evisceration of ERISA's effect. Every litigant who faces ERISA preemption would claim a separate oral agreement that would not be covered by ERISA. If allowed to proceed on this superficially erudite theory, the congressional intent behind ERISA—uniformity—would be frustrated.