**Sandra Kay (Sandy) GARRED and Barry G. Garred, Husband and Wife, Plaintiffs,**

v.

**The GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant.**

Civ. No. 89–5108.

United States District Court, W.D. Arkansas, Fayetteville Division.

Nov. 1, 1989.

James M. Roy, Jr., Springdale, Ark., for plaintiffs.

Sidney P. Davis, Jr., Fayetteville, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

On August 14, 1989, plaintiffs, Barry G. and Sandra Kay Garred, filed this cause of action in the Circuit Court of Washington County, Arkansas. The defendant is The General American Life Insurance Company. The defendant issued a group insurance policy covering the employees of Continental Ozark, Inc. As the spouse of an employee of Continental Ozark, Inc., Sandra Garred was covered by the group insurance policy. The Garreds seek recovery under the policy of medical insurance. Plaintiffs additionally claim they are entitled to statutory damages and attorney's fees pursuant to Ark.Code Ann. § 23–79–208 and damages for the tort of bad faith.

The defendant filed a petition to remove this action to federal court on September 9, 1989, pursuant to 28 U.S.C. § 1441(a) and 29 U.S.C. § 1001 *et seq.* The defendant asserts this action is removable and that this court has federal question jurisdiction pursuant to the Employee Retirement Income Security Act (ERISA). *See* 29 U.S.C. § 1132(e). Defendant contends the group insurance policy is an employee benefit plan governed exclusively by ERISA.

■ Following removal, defendant filed a motion to dismiss count three of the complaint. As grounds for dismissal, defendant contends plaintiffs' claim for the tort of bad faith under the common law of the State of Arkansas is preempted by ERISA. On October 4, 1989, plaintiffs filed a motion to remand the action to state court. Basically, plaintiffs rely on the "well-pleaded complaint rule" in urging remand. Plaintiffs point out that their complaint makes no reference to ERISA or any other federal law. Plaintiffs urge remand is appropriate at this point because there is a "serious dispute" concerning whether the insurance policy at issue is a plan within the meaning of ERISA. It is argued that not all claims brought against insurance companies are subject to ERISA. The plaintiffs rely heavily on *Eversole v. Metropolitan Life Ins. Co.,* 500 F.Supp. 1162 (C.D.Cal.1980) and *Lederman v. Pacific Mutual Life Ins. Co.,* 494 F.Supp. 1020 (C.D.Cal.1980).

The well-pleaded complaint rule is a means used to determine when a claim "arises under" federal law. The Supreme Court has stated " '[w]hether a case is one arising under the Constitution or a law or treaty of the United States ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill of declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' " *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983), *quoting Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914). Ordinarily, removal jurisdiction is determined by reference to the complaint. It naturally follows that a defense raising a federal question is viewed as being inadequate to confer federal jurisdiction. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *First National Bank v. Aberdeen National Bank,* 627 F.2d 843 (8th Cir.1980). Thus, although the issue of federal preemption frequently appears as a defense it would ordinarily not be a ground for removal.

The Supreme Court in *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), noted "[o]ne corollary of the well-pleaded complaint rule developed in the case law ... is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63–64, 107 S.Ct. at 1546. The Court clearly held that the issue of ERISA preemption fell within this corollary. *Id.* at 64, 107 S.Ct. at 1547. In light of the clearly manifested Congressional intent, the Court recharac-

terized the complaint purporting to raise only state law causes of action as being federal in character. *Id.* at 64–66, 107 S.Ct. at 1547. Because of the recharacterization, removal was allowed despite the fact that the complaint alleged only state law claims.

Whether this is regarded as recharacterization of the complaint or the allowance of removal based on a preemption defense in light of the importance of the federal question raised, the result is the same; the case becomes removable on the basis of a federal question. There is no doubt that in the field of ERISA preemption this is what the Supreme Court determined Congress intended. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). *See also* Annotation, *Construction and application of preemption exemption, under Employee Retirement Income Security Act (29 U.S.C. §§ 1001 et seq.) for state laws regulating insurance, banking, or securities* (29 U.S.C. § 1144(b)(2)), 87 A.L.R.Fed. 798 (1988). The wisdom of such a decision in light of the "far reaching implications for the substantive rights of countless policyholders, the duties of the insurers under those policies, and the caseload of the federal courts" is not open to question by this court. *Eversole v. Metropolitan Life Ins. Co., Inc.,* 500 F.Supp. 1162, 1164 (C.D.Cal. 1980). Accordingly, "ERISA provides an exclusive remedy for actions to enforce benefit rights or to recover benefits under an ERISA plan, and such suits arise under federal law and are removable to federal court." *Hansen v. Blue Cross of California,* 891 F.2d 1384 (9th Cir.1989).

■ An examination of the complaint and attachments reveals that the policy of insurance was provided through Continental Ozark, Inc., Mr. Garred's employer. It is alleged the defendant is the insurance company which underwrites a plan for Continental Ozark, Inc. It is further alleged that Sandra Garred is a covered individual under the plan. Plaintiffs contend the defendant has refused to make payments under the plan. In addition, the group insurance plan designates the employer as the plan representative. *Exhibit A to the complaint at 1D.* Thus, the information supplied in the complaint and its attachments indicates this is an ERISA plan.

Whether this court properly has subject matter jurisdiction depends on whether the plan or policy at issue is an employee welfare benefit plan within the meaning of ERISA. *Harris v. Arkansas Book Co.,* 794 F.2d 358, 360 (8th Cir.1986). Section 1002(1) provides in pertinent part:

(1) The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, . . . .

29 U.S.C. § 1002(1). Thus, an ERISA plan exists if: (1) the plan was established or maintained by the employer; (2) it was established or maintained for the purpose of "providing certain benefits to the participants or their beneficiaries;" and (3) the plan's benefits must be among those listed or be similar benefits.

Whether a plan has been established can be determined by resort to the following guidelines:

A decision to extend benefits is not the establishment of a plan or program. Acts or events that record, exemplify or implement the decision will be direct or circumstantial evidence that the decision has become reality—e.g., financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees

that the plan or program exists—but it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative.

In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program * * *—but no single act in itself necessarily constitutes the establishment of the plan, fund or program.

*Harris v. Arkansas Book Co.*, 794 F.2d 358, 360 (8th Cir.1986) *quoting Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982). The documentation attached to the complaint and the defendant's response to the motion to remand provide the court with the means to ascertain the essentials of the plan.

In their motion plaintiffs contend there is merely a policy of insurance and not an ERISA plan because there is no written plan. Plaintiffs argue that in order for a plan to be covered by ERISA, the plan and all its provisions must be in written form. *See* 29 U.S.C. § 1102.

The focus of this argument is misplaced. The court need not decide whether Continental Ozark complied with ERISA, but whether the insurance policy at issue falls under the purview of ERISA. "Congress specifically intended *all* group health insurance programs for employees to be governed exclusively by ERISA." *Comprehensive Care Corp. v. Doughtry*, 682 F.Supp. 516, 517 (S.D.Fla.1988).

As the court noted in *Donovan v. Dillingham:*

ERISA does not, however, require a formal, written plan. ERISA's coverage provision reaches '*any* employee benefit plan if it is established or maintained' by an employer or an employee organization, or both, who are engaged in any activities or industry affecting commerce. ERISA § 4(a), 29 U.S.C. § 1003(a) (emphasis added). There is no requirement of a formal written plan in either ERISA's coverage section, ERISA § 4(a) 29 U.S.C. § 1003(a), or its definitions section, ERISA S 3(1), 29 U.S.C. § 1002(1). Once it is determined that ERISA covers a plan, the Act's fiduciary and reporting provisions do require the plan to be established pursuant to a written instrument, ERISA §§ 102 and 402, 29 U.S.C. §§ 1022 and 1102; but clearly these are only the responsibilities of administrators and fiduciaries of plans covered by ERISA and are not prerequisites to coverage under the Act. Furthermore, because the policy of ERISA is to safeguard the well-being and security of working men and women and to apprise them of their rights and obligations under any employee benefit plan, *see* ERISA § 2, 29 U.S.C. § 1001, it would be incongruous for persons establishing or maintaining informal or unwritten employee benefit plans, or assuming the responsibility of safeguarding plan assets, to circumvent the Act merely because an administrator or other fiduciary failed to satisfy reporting or fiduciary standards. *Accord, Dependahl v. Falstaff Brewing Corp.*, 491 F.Supp. 1188, 1195 (E.D.Mo.1980), *aff'd* 653 F.2d 1208 (8th Cir.1981).

*Donovan v. Dillingham*, 688 F.2d 1367, 1372 (11th Cir.1982).

■ Relying on *Eversole v. Metropolitan Life Ins. Co., Inc.*, 500 F.Supp. 1162 (C.D.Cal.1980), plaintiffs contend this cause of action is exempt from ERISA preemption because their claim should be treated as one involving laws regulating insurance. Plaintiffs correctly note that the savings clause excepts from the preemption clause laws regulating insurance. 29 U.S.C. § 1144(b)(2)(A). However, their reliance on *Eversole* for the proposition that common law claims for recovery of benefits falls into this exception is misplaced. *Eversole* was, of course, decided several years before the Supreme Court decisions in this area.

In *Pilot Life* the court considered the question of whether the Mississippi law of bad faith was a law "which regulates insurance". *Pilot Life*, 481 U.S. at 48–57, 107 S.Ct. at 1553. The court first noted that a "commonsense view of the word, 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Pilot Life*, 481 U.S. at 50, 107 S.Ct. at 1554. The court next looked to the factors used under the McCarran–Ferguson Act, 15 U.S.C. § 1011 *et seq.*, for interpreting the phrase, "business of insurance." *Id.* at 50–51, 107 S.Ct. at 1554–55. Finally the court looked to the role of the ERISA savings clause as a whole. *Id.* at 51–57, 107 S.Ct. at 1555–58. The court noted the civil enforcement provisions of ERISA were intended to be the exclusive vehicle for participants and beneficiaries asserting claims for benefits or alleging improper processing of claims for benefits. *Id. See also In re Life Insurance Co. of North America*, 857 F.2d 1190 (8th Cir.1988) (state law vexatious refusal to pay action is preempted). After examining *Pilot Life*, the court concludes the plaintiffs' claims are based upon common law of general application and not upon laws regulating insurance. Thus, although plaintiffs seek to characterize their claims as state law claims, clearly they "relate to" an employee benefit plan and fall within the preemptive scope of ERISA.

Finally, plaintiffs' request that in the event the motion to remand is denied the court certify this matter for an immediate appeal to the Court of Appeals for the Eighth Circuit. The certification procedure under 28 U.S.C. § 1292(b) is used when the court is of the opinion that the issue involves a controlling question of law as to which there is substantial ground for difference of opinion. The court must also believe that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The court does not believe the issue herein is "certifiable."

Accordingly, the motion to remand will be denied and the motion to dismiss will be granted. A separate order in accordance herewith will be concurrently entered.