**Terrill R. JACOBS, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF IOWA, Defendant.**

No. 93–1387–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 14, 1993.

Billy Ray Ready, Waddell & Ready, P.A., Auburndale, FL, for plaintiff.

W. Edward McIntyre, Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, FL, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss, filed August 20, 1993. Plaintiff's two count complaint alleges estoppel to deny insurance coverage and breach of contract. Defendant contends that the Motion to Dismiss should be granted because of Plaintiff's failure to allege a cause of action pursuant to federal common law and .the preemptive effect of the Employee Retirement Income Security Act of 1974 ("ERISA").

#### Background

Plaintiff, as an employee of a company which provided an employee welfare benefit plan in the form of group health insurance, was allegedly denied insurance coverage by the Defendant, BLUE CROSS AND BLUE SHIELD OF IOWA. Plaintiff maintains that the health insurance plan is within the meaning of ERISA, 29 U.S.C. Sec. 1002(1), 29 U.S.C. Sec. 1167(1),

Plaintiff asserts that Plaintiff's doctor contacted the Defendant in regards to inpatient

**1380**

services which were needed in the care of Plaintiff. Furthermore, Plaintiff asserts that during that conversation between Defendant and Plaintiff's doctor, Defendant stated to Plaintiff's doctor that Plaintiff was insured and went on to approve the medical services to be performed. Plaintiff alleges that when a claim was made to Defendant for the benefits of the health insurance plan, Defendant denied the claim and refused to pay Plaintiff's medical bills.

Plaintiff asserts a breach of contract action against Defendant. Plaintiff further asserts that Defendant is equitably estopped from denying its obligation to pay the medical bills and costs caused by Defendant's knowing misrepresentation of the material facts surrounding the insurance coverage to Plaintiff.

*Discussion*

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Count I—Equitable Estoppel

■ ERISA expressly requires that employee benefit plans be "established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). The requirement that ERISA plans be "maintained" in writing precludes oral modification of benefit plans. *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986).

■ The federal common law of estoppel is not available to Plaintiffs in cases involving oral amendments to or modifications of clear terms of employee plans governed by ERISA because ERISA specifically addresses these issues. *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986) (*construing* 29 U.S.C. § 1102(a)(1)).

■ In *Kane v. Aetna Life Ins.,* 893 F.2d 1283 (11th Cir.1990), the court further

clarified *Nachwalter* noting that the *Nachwalter* decision, which is limited to oral amendments and modifications, is not controlling when the issue presented is the *interpretation* of an *ambiguity* in a benefit plan. Consequently, the federal common law of estoppel may be applied to a claim when the issue squarely presented to the court involves the interpretation of an ambiguous provision of a plan, rather than an amendment or modification to such plan. The Eleventh Circuit clearly holds that federal common law claims of equitable estoppel may be applied when an employee relies, to his detriment, on an *interpretation of an ambiguous provision* in a plan by a representative of the plan. *National Companies Health Plan v. St. Joseph's Hospital,* 929 F.2d 1558 (11th Cir.1991). An ambiguous provision is one about which "reasonable persons could disagree as to [its] meaning and effect." *National* at 1572, (quoting *Kane* at 1286).

■ At issue in the case now before the court is Plaintiff's assertion that when a doctor, on behalf of the insured, contacts the insurer to confirm coverage, this act should be construed as seeking an *interpretation* of the plan by a representative of the plan. However, the Plaintiff makes no assertion that he sought the confirmation in reaction to a perceived ambiguity. Viewing the complaint in the light most favorable to Plaintiff, the Court is unpersuaded that Plaintiff has sufficiently alleged facts related to an estoppel based upon an interpretation of an *ambiguity* on the part of Defendant. Plaintiff merely asserts that Defendant orally approved coverage of medical services but Plaintiff declines to classify with any specificity Defendant's alleged statement. Even though the elements of federal common law estoppel appear upon the face of Plaintiff's complaint, Plaintiff has not sufficiently plead that he is entitled to argue that Defendant is estopped from denying Plaintiff coverage; Plaintiff does not assert an interpretation of an ambiguity on the part of Defendant. *Kane v. Aetna Life Ins.,* 893 F.2d 1283 (11th Cir.1990). Clearly, Plaintiff could not properly assert estoppel by contending that Defendant was estopped from denying coverage because of an oral modification or amend-

ment made by a representative of the plan to Plaintiff's doctor. In order to properly assert federal common law estoppel in this case, Plaintiff must clearly contend that Defendant is estopped from denying coverage *based upon an interpretation of an ambiguous provision* of the plan. Plaintiff has made no such express assertion.

### Count II—Breach of Contract

Congress defined an employee welfare-benefit plan in 29 U.S.C. § 1002(1) as one which provides to employees " 'medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability or death', whether these benefits are provided 'through the purchase of insurance or otherwise.' " 29 U.S.C. § 1002(1). In 29 U.S.C. § 1144(a) Congress intended ERISA to supersede "any and all state laws insofar as they may now or hereafter relate to *any* employee benefit plan." *Comprehensive Care Corporation d/b/a Care Unit of Coral Springs v. Doughtry*, 682 F.Supp. 516, 518 (S.D.Fla.1988).

This Court must now decide whether Plaintiff's claim of breach of contract is preempted by ERISA. "If a state law 'relates to employee benefit plans,' it is preempted." *Comprehensive Care* at 518 (*quoting Pilot Life Ins. Co., v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (*interpreting* § 1144(a))). The effect of this preemption is to completely convert what would normally be a state claim into a claim arising under the laws of the United States. *Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193 (11th Cir.1991).

Plaintiff's breach of contract claim may be tangentially related to the insurance industry, but the count itself is "firmly planted in the general principles of Florida tort and contract law." *see, Pilot Life*. An action for breach of contract is premised on state law. Whether or not Plaintiff has stated a cause of action under state law, the Plaintiff's claim in Count II for breach of contract is preempted by ERISA according to 29 U.S.C. § 1144.

ORDERED that the Defendant's Motion to Dismiss be GRANTED as to Count I of Plaintiff's complaint alleging equitable estoppel and GRANTED as to Count II of Plaintiff's complaint alleging breach of contract. Plaintiff is granted leave to file an amended complaint within 20 days.

### DONE AND ORDERED.