794 F.2d 358
 41 Empl. Prac. Dec. P 36,545, 7 Employee
Benefits Ca 2174
Wilford M. HARRIS, Appellant,
v.
ARKANSAS BOOK COMPANY, Carolyn Gibson, H. Allen Gibson, Mary
Jane Winter and Judy W. Sayer, Appellees.
 No. 85-1803.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 14, 1986.
Decided June 25, 1986.
 
 Richard Quiggle, Little Rock, Ark., for appellant.
 Michael J. Moore, Little Rock, Ark., for appellees.
 Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 HEANEY, Circuit Judge.
 
 
 1
 Wilford Harris appeals the district court's summary judgment order which dismissed his action for pension benefits allegedly denied in violation of 42 U.S.C. Secs. 1983 and ERISA. We affirm.
 
 BACKGROUND
 
 2
 The Arkansas Book Company (ABC) is a book depository which stores textbooks for publishing companies under contract with the state, as required by Ark.Stat. Sec. 80-1705. The publishing companies that use ABC pay for its services.
 
 
 3
 In 1979, ABC discharged warehouse manager Wilford Harris, without warning or a hearing. Harris was sixty-six years old and had been with the company forty-nine years. Over the years, Harris had been told by supervisors that he could expect to be employed by ABC until the age of seventy, and that he could expect a substantial pension upon retiring. After a formal demand, Harris learned that ABC had no intention of providing him with a pension. Earl Kruse, an ABC employee for twenty-five years, received monthly checks from ABC after his retirement. Kruse's checks were discontinued after Harris demanded a pension.
 
 
 4
 Harris filed this action in federal court for civil enforcement of his pension benefits under 29 U.S.C. Sec. 1001 et seq. (ERISA), and for damages resulting from his age-discriminatory discharge under 42 U.S.C. Sec. 1983. ABC moved for summary judgment on the ground that the district court lacked subject matter jurisdiction over the section 1983 and the ERISA claims. Harris then moved to amend the complaint to allege three pendant state claims. The theories behind Harris's state claims were age discrimination, bad faith discharge, and promissory estoppel. The court denied the motion to amend as untimely. Finding no state action and that ABC did not have a pension plan for purposes of ERISA, the district court granted ABC's motion for summary judgment. This appeal followed.
 
 DISCUSSION
 I.
 
 5
 Harris contends that ABC's action is "state action" because ABC performs a "public function" and enjoys a "symbiotic relationship" with the State of Arkansas. We disagree.
 
 
 6
 This Court recently discussed the requirements for government action in a case involving a government-regulated, publicly funded private entity which performed a public service. Gomez v. North Dakota Rural Development Corporation, 704 F.2d 1056 (8th Cir.1983). There we said that government action does not exist merely because the entity performs a public function, rather the function must have traditionally been the exclusive prerogative of the state. Gomez, 704 F.2d at 1059. ABC stores textbooks pending distribution to schools. Although a public function, the storing of textbooks has not been traditionally the exclusive prerogative of the state.
 
 
 7
 The Gomez Court also noted that a symbiotic relationship exists when the government profits from the allegedly unconstitutional conduct. Id. at 1059. In our case, it is the private publisher, not the state, which pays for ABC's service. For this reason, among others, it cannot be said that the state profited from Harris's termination without a pension.
 
 
 8
 We are convinced that there was no state action in Harris' discharge. Thus, the district court lacked jurisdiction over the section 1983 claim and properly granted summary judgment to ABC on this issue.
 
 II.
 
 9
 The next question is whether ABC's promise to pay retirement benefits to Harris, together with its monthly pension payments to Kruse, constitute an employee benefit plan, fund or program covered under ERISA. The existence of a plan is a prerequisite to jurisdiction under ERISA.
 
 
 10
 The parameters of a pension plan are not very neatly defined in ERISA. Case law, however, sheds some light on the problem. The Eleventh Circuit has held:
 
 
 11
 A decision to extend benefits is not the establishment of a plan or program. Acts or events that record, exemplify or implement the decision will be direct or circumstantial evidence that the decision has become reality--e.g., financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees that the plan or program exists--but it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative.
 
 
 12
 In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program * * *--but no single act in itself necessarily constitutes the establishment of the plan, fund, or program.
 
 
 13
 Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir.1982).
 
 
 14
 The Ninth Circuit is in agreement: "[A] mere allegation that an employer or employee organization ultimately decided to provide an employee [pension] benefit[s] is not enough to invoke ERISA's coverage. * * * Such an allegation fails to allege the "establishment" of a plan." Scott v. Gulf Oil Corp. 754 F.2d 1499, 1504 (9th Cir.1985).
 
 
 15
 In applying these rigors to the facts of this case, it becomes clear that ABC did not maintain a pension plan under ERISA. Neither the payments to Kruse nor the promise of payments to Harris create such a plan. Kruse testified that the money he received after retirement came as a surprise and that he had not been told that the company had a pension program. He was told that the money was a gift for staying with the company so long. Additionally, the promise to Harris can not constitute a plan. Thus, the district court was without jurisdiction on the ERISA claim, and properly granted summary judgment on this issue.
 
 
 16
 Finally, Harris claims that the trial court erred in not examining the application of promissory estoppel to his claim. In essence he is claiming that the court abused its discretion in denying his motion to amend his complaint. We find no abuse of discretion in the denial. Harris may, however, be able to establish his right to a pension under state contract law applying principles of promissory estoppel. We note that Harris is free to assert this claim, and any other claim regarding his right to a pension, in state court. We affirm without prejudice to Harris to re-assert his state claims.