**M. Janette BURKETT, Plaintiff,**

v.

**SUN LIFE ASSURANCE COMPANY OF CANADA, Defendant.**

**No. LR–C–96–18.**

United States District Court,
E.D. Arkansas,
Western Division.

March 7, 1997.

Samuel A. Perroni, Little Rock, AR, for Plaintiff.

Frederick S. Usery, Friday, Eldredge & Clark, Little Rock, AR, for Defendant.

## ORDER

STEPHEN M. REASONER, Chief Judge.

Pending before the Court are the following motions filed by the defendant: (1) Motion to Dismiss (Doc. Num.11) and (2) Motion to Strike Demand for Jury Trial (Doc. Num.13). For the reasons hereinafter stated, the Motion to Dismiss is granted in part and denied in part. Further, because of the Court's ruling on the Motion to Dismiss, the Motion to Strike Jury Trial is granted.[1]

Plaintiff, Janette Burkett, was an employee of Twin City Bank (T.C. Bankshares, Inc.) serving as a bank officer and bank manager. Twin City Bank maintained, through defendant Sun Life of Canada, an Employee Group Benefits Policy (Group Policy # 27871). Plaintiff was insured under that policy for disability due to illness and incapacity. Plaintiff alleges that between June 1995 and September 1995, she became totally disabled and thereby became eligible for monthly benefits under the policy equal to the lesser of 66 2/3 % of her monthly earnings or $10,000, until she reached the age of sixty-five. Plaintiff is now forty-five years old and was earning $29,040.00 annually, or $2,420.00 monthly, before becoming disabled. Ms. Burkett asserts that she made demand upon defendant for payment of disability benefits under the policy and that the defendant refused payment of benefits. Ms. Burkett then instituted this suit against defendant under 28 U.S.C. § 1332 for breach of contract. Plaintiff seeks relief in the form of payment of disability benefits, 12% penalty under Arkansas Code Annotated § 23–79–208, interest and attorney's fees.

Defendant filed the instant Motion to Dismiss arguing that the plan at issue is an ERISA-governed plan and that any state law remedies plaintiff might have, i.e., breach of contract, 12% statutory penalty and attorney's fees, are preempted by ERISA. Further, in its Motion to Strike Demand for Jury Trial, defendant argues that plaintiff is not entitled to a jury trial for alleged ERISA violations. As more fully set forth below, the Court finds that the insurance policy at issue is an "employee benefit plan" and is governed by ERISA. Therefore, the Court

---

1. One of plaintiff's arguments in opposition to the Motion to Dismiss is that defendant has failed to comply with Local Rule C–10, which requires that a party moving for summary judgment submit a Statement of Undisputed Facts. While not specifically addressed in this Order, the Court declines to adopt plaintiff's argument. The Motion filed by the defendant was entitled "Motion to Dismiss." It was the Court, pursuant to Federal Rule of Civil Procedure 12(b), which construed the Motion as one for summary judgment.

holds that plaintiff's state law breach of contract and statutory penalty claims are preempted. However, the Court, as requested by the plaintiff, will not dismiss this action, but rather will allow the plaintiff to amend her Complaint to state causes of action under ERISA. Plaintiff's request for the award of attorney's fees and costs, however, is not subject to dismissal because such items are recoverable under ERISA. Finally, the Court strikes plaintiff's request for a jury trial as there is no right to a jury trial under ERISA.

## I. MOTION TO DISMISS

### A. Existence of ERISA Plan

■ Defendant argues that the policy at issue is an ERISA-governed plan. Plaintiff disputes that the plan is governed by ERISA and maintains that the defendant has failed to present any facts to support its conclusion that the Sun Life policy is an ERISA-covered plan. As an preliminary matter, the Court notes that the existence of an ERISA plan is a mixed question of fact and law. *Kulinski v. Medtronic Bio–Medicus, Inc.,* 21 F.3d 254, 256 (8th Cir.1994). Additionally, the burden of establishing the existence of a plan which would invoke ERISA's exclusive remedy provisions rests upon the defendant Sun Life. *Fuller v. Ulland,* 76 F.3d 957, 960 (8th Cir. 1996). In deciding whether Sun Life has discharged this burden, the Court first turns to the language of the statute at issue, 29 U.S.C. § 1001, *et seq.*

Section 1003 is the "Coverage" provision of the Act and states that the Act shall apply to any employee benefit plan if it is established or maintained—

(a) (1) by any employer engaged in commerce or in any industry or activity affecting commerce; or
(2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or
(3) by both.

29 U.S.C. § 1003(a).[2] Section 1002 is the definitions section of the Act and states that

an "employee benefit plan" is an "employee welfare benefit plan" which, in turn, is defined as "any plan ... established or maintained by an employer ... for the purposes of providing for its participants ... benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1), (3). *See also, Provident Life and Accident Ins. Co. v. Williams,* 858 F.Supp. 907, 910 (W.D.Ark.1994). Given the statutory parameters established, the Sun Life policy certainly appears to be an employee welfare benefit plan.

The Sun Life policy is attached to the various pleadings before the Court. As an initial matter, its provisions clearly demonstrate that Twin City Bank, plaintiff's employer, is the policyholder. Additionally, the policy provides benefits to employees of Twin City Bank in the event of disability. *See* Sun Life Policy, p. 28. Thus, as a matter of statutory construction, the policy falls under ERISA's provisions.

Relevant case law also supports the Court's conclusion that the policy at issue is an ERISA plan. The Eighth Circuit has held that an ERISA plan is established "... if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Northwest Airlines, Inc. v. Federal Ins. Co.,* 32 F.3d 349, 354 (8th Cir.1994); *Harris v. Arkansas Book Co.,* 794 F.2d 358, 360 (8th Cir.1986). The Court finds that this burden has been met by defendant Sun Life.

The policy at issue clearly delineates the intended benefits. In plaintiff's case, those benefits are set forth beginning at Page 28. The amount of Long Term Disability Benefits are the lesser of: (1) 66⅔% of monthly Basic Earning reduced by Other Income; or (2) $10,000. The definition of "Basic Earnings" is contained in the "Definitions" section of the policy and "Other Income" is specifically described at Pages 28–30. Secondly, the class of beneficiaries or participants as to the Disability Benefit Provision is set forth in the "Limitations" section beginning on Page

---

**2.** ·The Act does contain specific exclusions in Sections 1003(b), 1051, 1081 and 1101. None of these exclusions appear applicable in the case at bar.

35 of the policy. Thirdly, the source of financing is disclosed in the Summary Plan Description beginning at Page 39 of the policy which provides: "The cost of your benefits under the Plan is paid for by your employer and (if applicable) include the cost of any insurance premiums contributed by you." Finally, in the Summary Plan Description the policy instructs the participant that "[w]hen [the participant] wish[es] to file a claim under the Plan, [the participant] should contact [his or her] personnel office for claim forms and instructions' for filing, [The participant's] Booklet/Certificate explains the procedure for filing a claim under the Group Insurance Policy."

The *Harris* opinion cautions that:

A decision to extend benefits is not the establishment of a plan or program. Act or events

that record, exemplify or implement the decision will be direct or circumstantial evidence that the decision has become reality—e.g., financing or arranging to finance or fund the intended benefits, establishing a procedure for disbursing benefits, assuring employees that the plan or program exists—but it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative.

In determining whether a plan, fund or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program * * *—but no single act in itself necessarily constitutes the establishment of the plan, fund, or program.

*Id.* (quoting *Donovan v. Dillingham,* 688 F.2d 1367, 1373 (11th Cir.1982)). *See also,*

*Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1504 (9th Cir.1985), *cited with approval in Harris* (stating that mere allegation than employer ultimately decided to provide an employee pension benefits is not enough to invoke ERISA's coverage). The Court finds that Sun Life has satisfied both the statutory and case law requirements for establishing an ERISA plan.[3]

## B. Preemption of State Law Claims

### 1. Breach of Contract Claim

■ Having found that the policy at issue is an ERISA-governed plan, the Court determines that plaintiff's state law breach of contract claim for failure to pay benefits is preempted. *See Walker v. National City Bank of Minneapolis,* 18 F.3d 630, 634 (8th Cir.1994) (*citing Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). The Court need not belabor this point other than to state that the law appears decidedly settled on this issue. *See, e.g., Howe v. Varity Corp.,* 36 F.3d 746, 751 (8th Cir.1994), *aff'd* — U.S. ——, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). This finding, however, does not mean that plaintiff's lawsuit should be dismissed. Plaintiff remains free to amend her Complaint to state violations of ERISA under various provisions. *See, e.g.,* 29 U.S.C. § 1132(a)(1)(B) (stating that a civil action may be brought by a participant to recover benefits due to her under the terms of her plan). Additionally, the Court, in its discretion, may award recovery for reasonable attorney's fees and costs. 29 U.S.C. § 1132(g).

### 2. Claim for Twelve Percent Penalty

■ Plaintiff contends that she is entitled to assert a claim against defendant for the assessment of a 12% penalty pursuant to Arkansas Code Annotated Section 23–79–208. That statute provides:

defendant has failed to show that it satisfies any of these requirements. The Court notes, however, that the policy clearly states that T.C. Bankshares is the Plan Administrator and that the Plan Administrator "has authority to control and manage the operation and administration of the Plan." *See* Summary Plan Description.

---

3. Plaintiff relies on the case of *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990). That case held that ERISA does not regulate the purchase of health insurance where the purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits. 905 F.2d at 242. Plaintiffs contend that the

In all cases where loss occurs and the ... benefit insurance company ... liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the ... [benefit insurance company] shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss....

Ark.Code Ann. § 23–79–208(a). Defendant contends that the statutory penalty is preempted by ERISA. In light of the Supreme Court's decision in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Court agrees that plaintiff's claim under the Arkansas statute is preempted.

The preemption provisions of ERISA provide:

(a) Supersedure...

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they now or hereafter relate to any employee benefit plan....

(b) Construction and application

.  .  .  .  .

(2)(A) ... nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance....

29 U.S.C. § 1144. Pursuant to this section, any state law which "relates to" an employee benefit plan is preempted by ERISA under § 1144(a) unless it is a law which "regulates insurance" under § 1144(b)(2)(A). Plaintiff contends that the Arkansas statute "regulates insurance" and is, therefore, not preempted by ERISA.

In an opinion written by Judge McMillian, the Eighth Circuit addressed a similar argument. *In re Life Insurance Co. of North America,* 857 F.2d 1190 (8th Cir.1988). In that case, an injured employee brought an action against the provider of long term disability benefits for his employer. The action was brought in state court alleging violations of a Missouri statute regarding vexatious refusal to pay insurance benefits. The defendant removed the action to federal court arguing that the lawsuit was governed by ERISA. The district judge held that plaintiff's claims for vexatious refusal to pay under the Missouri statute were not preempted by ERISA and remanded the action. Defendant sought a writ of mandamus from the Eighth Circuit regarding the erroneous remand of the case to state court. The Eighth Circuit held that plaintiff's claim under Missouri law for vexatious refusal to pay was preempted by the Act and that the writ of mandamus should be issued.

In the *Life Insurance Company* case, the court took a two-step approach to the ERISA preemption issue. The first step required a determination of whether the state law "related to" an employee benefit plan. The court reiterated the standard that a state law "related to" a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *In re Life Ins. Co.,* 857 F.2d at 1194 (*quoting Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)). The court held that the Missouri vexatious refusal statute fell within this broad commonsense meaning of the phrase "relates to" because it had a substantial effect on benefit plans in that it provided a penalty for any bad faith refusal to pay out of the plan. *Id.* See also, *Pilot Life,* 481 U.S. at 47, 107 S.Ct. at 1553.

Having determined that the state statute "related to" an employee benefit plan, the court then addressed whether the state law claim was nevertheless saved from preemption under § 1144(b)(2)(A) as a law "which regulates insurance." In deciding this issue, the court relied on the *Pilot Life* analysis of the United States Supreme Court. In *Pilot Life,* the Supreme Court addressed the application of the phrase "which regulates insurance" to common law actions in Mississippi for failure to pay insurance benefits. The Court looked first to the "common-sense view" of the language of § 1144(b)(2)(A). Second, the Court looked at three criteria used in the case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011, *et seq.* Finally, the Court examined "the clear ex-

pression of congressional intent that ERISA's civil enforcement scheme be exclusive." The Court concluded that the civil enforcement provisions of ERISA, 29 U.S.C. § 1132(a), were meant to "be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying state causes of action for claims within the scope of § 1132(a) would pose an obstacle to the purposes and objectives of Congress." *Pilot Life,* 481 U.S. at 51, 107 S.Ct. at 1555.

Relying on this analysis, the Eighth Circuit determined in the *Life Insurance Company* case that "no state law purporting to supply additional remedies will escape the preemptive effect of § 1144(a) as laws which regulate insurance" under § 1144(b)(2)(A). *In re Life Ins. Co.,* 857 F.2d at 1194. Additionally, the court stated:

> There can be no doubt after *Pilot Life* that a state vexatious refusal to pay claim is preempted by ERISA where it relates to an employee benefit plan. Every court to have considered the question since *Pilot Life* was decided has reached the same conclusion. *See, e.g., Juckett v. Beecham Home Improvement Prod., Inc.,* 684 F.Supp. 448 (N.D.Tex.1988) (claims under Texas wrongful refusal to pay statute preempted); *Dutenhaver v. Teachers Insurance & Annuity Ass'n,* 1988 WESTLAW 53187 (N.D.Ill.1988) (Illinois vexatious refusal to pay statutory claims preempted)(not reported in F.Supp.); *Lee v. Prudential Ins. Co.,* 673 F.Supp. 998 (N.D.Cal.1987) (California 'unfair claims settlement practice' statutory claims preempted); *Roberson v. Equitable Life Assurance Soc'y,* 661 F.Supp. 416 (C.D.Cal.1987) (California statutory claims preempted); *see also Rasmussen v. Metropolitan Life Ins. Co.,* 675 F.Supp. 1497 (W.D.La.1987) (unnecessary to determine if employee benefit plan is self-funded or insured; if remedy sought conflicts with ERISA substantive provisions, it is preempted).

*Id.* at 1195. The Court therefore, determines that the plaintiff's claim for Arkansas statutory remedies is preempted by ERISA.

### 3. Claim for Attorney's Fees and Costs

Plaintiff's claim for attorney's fees and costs is not subject to dismissal. As noted above, a party may be entitled to recover her attorney's fees and costs incurred in attempting to recover benefits due from an ERISA plan. *See* 29 U.S.C. § 1132(g). Therefore, the Court shall not dismiss plaintiff's request for payment of attorney's fees and costs.

## II. MOTION TO STRIKE DEMAND FOR JURY TRIAL

The Court finds that plaintiff's request for a jury trial should be stricken. It is well-established in this Circuit that there is no right to a jury trial for alleged ERISA violations. *Houghton v. SIPCO, Inc.,* 38 F.3d 953 (8th Cir.1994); *Kirk v. Provident Life and Accident Co.,* 942 F.2d 504 (8th Cir.1991). Thus, this case shall proceed to be tried before the Court on March 17, 1997.