Sherman J. **MATTIE**, Frank Minix, and Robert C. **Mullins**, Plaintiffs,

v.

**EVANS INDUSTRIES, INC., Defendant.**

No. 97–74870.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 29, 1998.

Jonathan T. Walton, Laura S. Donnelly, Walton & Donnelly, P.C., Detroit, MI, for Plaintiffs.

Thomas H. Williams, Jaffe, Raitt, Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

## I. BACKGROUND

Plaintiffs Sherman Mattie (Mattie), Frank Minix (Minix), and Robert Mullins (Mullins), former employees of defendant Evans Industries, Inc. (Evans), bring this Employee Retirement Income Security Act (ERISA) action under 29 U.S.C. §§ 1001 *et seq.* Plaintiffs were non-union Evans employees, and worked at its Salem, MI plant. They claim that on several occasions during their employment, Evans agreed to provide each plaintiff a retirement pension (specifically: $1,000/month for Mattie, $300/month for Minix, and $500/month for Mullins). No writing, however, was made. Plaintiffs state they acted in reliance on Evans' representations by remaining employed at Evans; by foregoing other employment opportunities; by foregoing the opportunity to join the unionized portion of the Evans workforce (Evans and its unionized workforce have a collective bargaining agreement that contains provisions for union workers' pensions); and by planning and organizing their finances based on their expectations of receiving pensions from Evans.

Plaintiffs claim that Evans began to pay each of them (and other non-union workers) a pension upon retirement, but that at some point after retirement, Evans attempted to coerce each of them into signing a "Consulting Agreement" (CA) that would end Evans' obligation to provide plaintiffs with pensions. The checks they received contained notations such as "RETIREMENT PAYMENT FOR DECEMBER 1994." Mullins did not sign the CA. Evans ceased payments to Mullins after his refusal to sign. Mattie and Minix each claim they signed a CA under duress. Evans later terminated the CAs and payments for both Mattie and Minix.

Plaintiffs bring their claims pursuant to 29 U.S.C. §§ 1002 *et seq.* based on Evans' past practice of paying pensions to them and similarly situated former employees. They claim that Evans breached its fiduciary duties and violated the pension "plan," although Evans neither prepared nor executed written documentation of the claimed pension plan. They request that I(1) declare that a pension plan exists within the ERISA definition; (2) declare that Evans is the plan's sponsor, administrator, and fiduciary; (3) declare that plaintiffs are participants in and beneficiaries of the plan; (4) order Evans to take all steps necessary to document, fund, maintain, and administer the plan in compliance with ERISA and other applicable laws; (5) award plaintiffs damages including but not limited to all past and future pension benefits and any penalties under 29 U.S.C. § 1132(c)(1); (6) award plaintiffs their costs and reason-

able attorney fees pursuant to 29 .U.S.C. § 132; and (7) award plaintiffs all other appropriate relief.

Alternatively, plaintiffs request relief under state law claims of breach of contract, promissory estoppel, and unjust enrichment. Earlier in this case, plaintiffs voluntarily dismissed their fraud and misrepresentation, and negligent misrepresentation, claims.

Evans claims there are no genuine issues as to any material fact, and moves for summary judgment pursuant to FED.R.CIV.P. 56(c). Plaintiffs move for partial summary judgment on the issue whether an ERISA pension plan exists. I have jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337, and 29 U.S.C. § 1132. Venue is proper under 28 U.S.C. § 1391. Following oral argument, I granted Evans summary judgment, in part, finding that no ERISA pension plan exists. I denied Evans summary judgment with respect to plaintiffs' state law claims. I denied plaintiffs' motion for partial summary judgment. This opinion supplements the reasoning I detailed on the record at that hearing.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment must issue when there is no genuine issue as to any material fact, based on the pleadings, depositions, answers to interrogatories, admissions of the parties, and any affidavits. FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Movants have the burden of proving there is no genuine issue of material fact. *Id.* Once movants meet this burden, nonmovants "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). Where movants bring a motion for summary judgment, although the trial court views the evidence in a light most favorable to nonmovants, *Terry Barr Sales Agency, Inc. v. All–Lock Co.*, 96 F.3d 174, 178 (6th Cir.1996) (citation omitted), nonmovants must nonetheless present significant probative evidence to support their claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [nonmovants'] position will be insufficient; there must be evidence on which the jury could reasonably find for [nonmovants]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

## III. DISCUSSION

Evans argues it did not establish a pension plan within the meaning of ERISA. It also asserts that plaintiffs' state claims are preempted by ERISA. Plaintiffs state that case law supports their allegations that Evans established an ERISA pension plan, and that they are entitled to pensions under that plan. Plaintiffs state, alternatively, that if I hold that Evans did not establish an ERISA pension plan, they are entitled to pursue their state law claims of breach of contract, promissory estoppel, and unjust enrichment.

### a. Does an ERISA pension benefit plan exist?

Plaintiffs note that the United States Court of Appeals for the Sixth Circuit cited the *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982), guidelines in determining whether ERISA **welfare** benefit plans existed, in at least four cases: *Thompson v. American Home Assurance Co.*, 95 F.3d 429 (6th cir.1996); *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178 (6th Cir. 1992); *International Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d (6th Cir.1991); and *Brown v. Ampco–Pittsburgh Corp.*, 876 F.2d 546 (6th Cir.1989). They argue that although these cases (including *Donovan* ) deal with welfare benefit plans, the Sixth Circuit, consistent with ERISA language, would apply the *Donovan* guidelines to **pension** benefit plan cases. Plaintiffs correctly state that the Sixth Circuit has neither chosen nor delineated any other set of guidelines for determining the existence of a pension plan.

ERISA states that:

Except as provided . . . the terms "employee pension benefit plan" and "pension plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to

the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program—

(i) provides retirement income to employees, or

(ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2)(A). This definition is consistent with *Donovan* language stating that "[a]t a minimum, however, a 'plan, fund, or program' under ERISA implies the existence of intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits." *Donovan v. Dillingham,* 688 F.2d 1367, 1372 (11th Cir.1982). The court in *Donovan* stated:

> In determining whether a plan, fund, or program (pursuant to writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program ... but no single act in itself necessarily constitutes the establishment of the plan, fund, or program.

*Donovan,* 688 F.2d at 1373. Thus, the existence of a welfare or pension plan may be established through either express terms or as a result of surrounding circumstances.

The D.C., 7th, 9th, and 11th Circuits have applied the *Donovan* guidelines in cases in which the existence of ERISA pension plans were at issue. *Diak v. Dwyer, Costello & Knox, P.C.,* 33 F.3d 809 (7th Cir.1994); *Kenney v. Roland Parson Contracting Corp.,* 28 F.3d 1254 (D.C.Cir.1994); *Modzelewski v. Resolution Trust Corp.,* 14 F.3d 1374 (9th Cir.1994); *Williams v. Wright,* 927 F.2d 1540 (11th Cir.1991). For example, in *Modzelewski,* involving a determination whether a pension plan existed, the court stated, "We have interpreted this [ERISA] language broadly, holding that a **pension** plan is established if a reasonable person could 'ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.'" *Modzelewski,* 14 F.3d at 1376 (citations omitted) (emphasis added).

▉ Applying the *Donovan* language to determine whether a pension plan exists in this case means that plaintiffs must show that either through express terms or as a result of surrounding circumstances Evans created a pension plan from which plaintiffs are entitled to benefits. The court in *Diak* noted that a plan "need not be in writing to be covered by ERISA so long as the plan is a reality, meaning something more than a mere decision to extend benefits.... Rather, we look to whether the decision 'constituted an expressed intention by the employer to provide benefits on a regular and long-term basis.'" *Diak,* 33 F.3d at 811 (citations omitted). The court in *Diak* stated, however, that the defendant company's decision to extend benefits to certain employees did not "compel the conclusion that it had established a pension plan." *Id.* The court went on to quote the *Donovan* language cited above. *Id.*

In this case, plaintiffs have shown that Evans made post-termination payments for some period of time to a number of persons in situations similar to plaintiffs. However, plaintiffs have not shown that Evans, either pursuant to a writing or implicitly in view of the surrounding circumstances, established a pension plan. Plaintiffs and Evans admit that Bradley Killop (Killop), a former manager at Evans' Salem, MI plant, offered a number of plant employees pensions. Killop worked at Evans until his death in December, 1994. Evans points out that no post-termination payments were made to 35 of 43 employees from the Salem, MI plant whose employment terminated during Killop's tenure at Evans. Evans also notes that there is no apparent rhyme or reason to the amounts paid to plaintiffs and others.

For example, Evans paid former employee Scully, who had approximate earnings of $16,000/year at retirement and approximately 20 years of service, $400/month. However, Ev-

ans paid former employee St. Charles, who had approximate earnings of $27,000/year at retirement and approximately 20 years of service, $225/month. Evans paid former employee Allan, who had earnings of $15,500/year at retirement and approximately 20 years of service, $300/month, 25% less than Scully. Similarly, the monthly pension payments plaintiffs claim Evans promised them are disparate: allegedly, Evans promised Mattie $1,000/month, Minix $300/month, and Mullins $500/month.

Applying the *Donovan* language, plaintiffs have not shown that a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Because these essentials of a plan are not shown, I hold that no ERISA pension plan exists.

### b. May plaintiffs pursue state law claims against Evans?

Evans claims that plaintiffs' state law claims are preempted by ERISA, even if I find that there is no ERISA pension plan. This is incorrect. If there is no ERISA pension plan, ERISA does not apply to plaintiffs' claims. ERISA only preempts state laws that relate to applicable employee benefit plans. *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 6–7, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). Thus, because plaintiffs did not show that Evans created an ERISA pension plan, ERISA does not apply, and cannot preempt plaintiffs' state claims.

> ERISA's pre-emption provision does not refer to state laws relating to "employee benefits," but to state laws relating to "employee benefit *plans*": "[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any *employee benefit plan* described in § 1003(a) of this title and not exempt under § 1003(b) of this title." 29 U.S.C. § 1144(a) (emphasis added).... Nothing in our case law, however, supports appellant's position that the word "plan" should in effect be read out of the statute..... The words "benefit" and "plan" are used separately throughout ERISA, and nowhere in the statute are they treated as the equivalent of one another. Given

the basic difference between a "benefit" and a "plan," Congress' choice of language is significant in its pre-emption of only the latter.

*Fort Halifax*, 482 U.S. at 7–8, 107 S.Ct. 2211 (emphasis in original).

Plaintiffs' alternative claims are for promised benefits under state law theories of breach of contract, promissory estoppel, and unjust enrichment. Evans' pleadings in opposition to finding an ERISA plan exists may lend support to plaintiffs' assertions that they were promised post-termination benefits. Evans detailed the manner in which it selectively promised former employees post-termination benefits. Plaintiffs provide evidence of having received post-retirement benefits (canceled checks and check stubs bearing "retirement" notations of some sort). Affidavit testimony indicates that plaintiffs and other former Evans employees were promised various benefit packages upon retirement.

In *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178 (6th Cir.1992), the Sixth Circuit held that although employees are held not to be beneficiaries of an ERISA plan, they may still sue for employee benefits under state law. *Id.* at 186. In *Harris v. Arkansas Book Co.*, 794 F.2d 358 (8th Cir. 1986), the Eighth Circuit held that although the plaintiff was unable to satisfy the *Donovan* criteria for existence of an ERISA employee benefit plan, he was nevertheless entitled to attempt to "establish his right to a pension under state contract law applying principles of promissory estoppel." *Id.* at 361. *Dutka v. Employers Health Ins. Co.*, 760 F.Supp. 660 (E.D.Mich.1991) echoes the language in *Harris. Id.* at 662–64.

### CONCLUSION

For the reasons stated herein, defendant's motion for summary judgment is hereby **GRANTED IN PART** (with respect to the existence of an ERISA pension plan) and **DENIED IN PART** (with respect to plaintiffs' rights to pursue their state law claims). Plaintiffs' motion for partial summary judgment is hereby **DENIED**. Because I hold there is no ERISA plan, and that only state law claims remain in this case, I dismiss

these state law claims without prejudice. Plaintiffs may pursue their state law claims in state court.

An appropriate order may be submitted.